THE STATE v. LINGLE, *Appellant*.

Division Two, May 21, 1895.

1. **Criminal Law**: DEFILING WARD: INDICTMENT. An indictment for defiling a female under eighteen years of age, intrusted to defendant's care, which alleges that such female was on a certain day under eighteen years of age and that on that day the defendant, to whose care she had been and was then confided, defiled her, is sufficient.

The State v. Lingle.

2. ———: PRACTICE: CHANGE OF VENUE: EVIDENCE. Where a change of venue has been taken in a criminal case, it is for the court trying the case to determine whether the order of removal and prior proceedings in the county in which the prosecution originated were sufficient to confer jurisdiction, and the transcript of such order and prior proceedings need not be offered in evidence on the trial by the state.

3. ———: ———: ———: PRESUMPTION. An order of removal on change of venue is sufficient, where the transcript contains the petition of defendant for a change, necessary affidavits in support of it, · and recites that the application was considered by the court, the change awarded and bond fixed and given for defendant's appearance at the next term of the circuit court of the county to which the change was awarded, and it will not be presumed in such case that there might have been another application on a different ground.

4. ———: ———: INSTRUCTION: DEFILING WARD. Where, in a prosecution for defiling a ward, the indictment alleges that she was at the time of such defilement, under eighteen years of age, it was proper to submit to the jury the question whether she was at the time of the commission of the offense under that age.

5. ———: ———: ———: DEFENDANT AND WIFE TESTIFYING, CREDIBILITY OF. It is proper to instruct the jury in a criminal case that in considering the weight of the evidence given by both the defendant and his wife they will take into consideration the fact that he is the defendant, testifying in his own behalf, and that she is his wife, and that they may consider their interest in the case and the marital relation in passing on the credibility of their testimony.

6. ———: ———: ———: DEFILING WARD: EVIDENCE OF HIGHER CRIME. On trial for defiling a ward, it is proper to instruct the jury that before they can acquit, because a higher degree of crime has been shown, they must believe from the evidence that if defendant were on trial for a higher degree of crime, it would be their duty, from such evidence, to convict him of such higher degree of crime; but although they believe from the evidence that defendant used force to accomplish his purpose, yet, if they further believe that the prosecuting witness did yield her consent, however reluctantly, before the carnal act was accomplished, the defendant would not be guilty of such higher crime.

7. ———: ———: INSTRUCTIONS. Where a term used in an instruction has been properly defined, it is not error to refuse another instruction defining it.

8. ———: ———: DEFILING WARD: FORCE: REMARKS OF COUNSEL. It is improper for counsel for defendant on trial for defiling his ward, to comment, in his opening argument to the jury, on the improbability of conception following an act of sexual intercourse effected by force, where there was no expert or other testimony to that effect.

The State v. Lingle.

*Appeal from Atchison Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*R. C. Nelson* and *Sallee & Goodman* for appellant.

(1)   The court should have sustained defendant's demurrer to the evidence, for the reason that the transcript from the Gentry circuit court was not offered in evidence. *State v. Gates,* 20 Mo. 400; *Daudt v. Harmon,* 16 Mo. App. 203; *Crone v. Dawson,* 19 Mo. App. 214; *Maupin v. Franklin Co.,* 67 Mo. 237; *State v. Edwards,* 19 Mo. 674; *State v. Daugherty,* 106 Mo. 182; *Adler v. Long,* 26 Mo. App. 226.   (2)   The Atchison circuit court had no jurisdiction of this cause, for the reason that the transcript from the Gentry circuit court did not contain a proper order changing the venue of the cause.   R. S. 1889, sec. 4157; *State v. Daniels,* 66 Mo. 192.   (3)   The court erred in giving instruction number 1 for the state.   It presents an issue not presented by the indictment, in the following clause:   "And while she was still under the age of eighteen."   *Bank v. Murdock,* 62 Mo. 70; *State v. Nanert,* 2 Mo. App. 295; *Fairgrieve v. Moberly,* 29 Mo. App. 141; *Melvin v. Railroad,* 89 Mo. 106; *Kinney v. Railroad,* 70 Mo. 252; *Waddingham v. Hulett,* 95 Mo. 528; *State v. Warner,* 57 Mo. App. 502.   This instruction is in conflict with the first given at the instance of the defendant and is not cured by that instruction.   *Jones v. Talbott,* 4 Mo. 279; *State v. Herrell,* 97 Mo. 105; *State v. Nally,* 87 Mo. 644; *State v. Simms,* 68 Mo. 305; *State v. Jackson,* 95 Mo. 623.   (4) The second instruction for the state was erroneous in that it singled out the wife of defendant and gave a rule for determining her credibility different from that

applied to other witnesses. *State v. Hundley*, 46 Mo. 414; *State v. Young*, 99 Mo. 66; *State v. Anderson*, 19 Mo. 241; *State v. Schoenwald*, 31 Mo. 147; *State v. Smith*, 53 Mo. 267. (5) The third instruction given for the state is palpably erroneous in that it instructs the jury to "take into consideration the character of the witness, his or her manner upon the stand, his or her interest, if any, in the result of the trial, his or her relation to or feelings toward the defendant," thus directly calling their attention to the position occupied by defendant's witnesses. *State v. Orr*, 65 Mo. 342. This error is not cured by the giving of a correct instruction on the part of defendant. *State v. Nally*, 87 Mo. 644; *State v. Herrell*, 97 Mo. 105; *State v. Mitchell*, 64 Mo. 191; *State v. Jackson*, 95 Mo. 623. (6) The fourth instruction for the state is erroneous in that it tells the jury that before they can acquit they must believe that the evidence of a higher offense is sufficient to convict the defendant if on trial for such higher offense. This is, in effect, instructing them that, before they can acquit, they must believe from the evidence, beyond a reasonable doubt, that defendant had feloniously ravished his ward. This is not the law of this state. In no criminal case in which a special defense is interposed does it devolve upon the defendant to establish such a defense beyond a reasonable doubt. *State v. Hundley*, 46 Mo. 414; *State v. Rockett*, 16 Mo. App. 554; *State v. Howell*, 100 Mo. 628; *State v. Lewis*, 69 Mo. 92. (7) The indictment in this case is fatally defective, and the judgment should have been arrested for that reason. It is true that no motion to quash it was filed, but where the indictment is wanting in a material allegation, and is not merely informal, advantage may be taken of the defect by motion in arrest or for the first time in the appellate court. *State v. Meyers*, 99 Mo. 107. The indictment does not even inferentially allege

that Clara Wheatley was under the age of eighteen years at the time of her alleged defilement. This was a material allegation. "A clear substantive charge constituting the offense is as necessary as it ever was." *State v. Reakey*, 62 Mo. 40; *State v. Fisher*, 58 Mo. 256. The offense attempted to be set forth in the indictment is one of statutory origin, and where this is the case, care and precision is required to bring the accused within the exact terms of the statute. *State v. Gabriel*, 88 Mo. 631; *State v. Arter*, 65 Mo. 653; *State v. Helm*, 6 Mo. 263; *State v. Evers*, 49 Mo. 542; *State v. Pemberton*, 30 Mo. 376; *State v. Houx*, 109 Mo. 654; *State v. Green*, 111 Mo. 585; *State v. Blair*, 69 Mo. 317.

*R. F. Walker*, Attorney General, for the state.

(1) An indictment setting forth what is necessary to constitute an offense, as defined by the statute, is sufficient. *State v. Anderson*, 81 Mo. 78; *State v. Madden*, 81 Mo. 421. The indictment in the case follows the language of the statute and is not, therefore, subject to valid objection. R. S. 1889, sec. 3487; *State v. Terry*, 106 Mo. 209. (2) No objections were made or exceptions saved to the introduction or exclusion of testimony prejudicial to appellant and on this point he can not properly be heard to complain. *State v. Hope*, 100 Mo. 347; *State v. Meyers*, 99 Mo. 107. (3) The first instruction given by the court formally defines the crime of a guardian defiling a ward and is not subject to objection. It conforms in all material particulars to the form approved in *State v. Strattman*, 100 Mo. 540, as does the second instruction in regard to the weight to be attached to the testimony of defendant and his wife. (4) While the testimony of the girl tends to prove a rape, it is submitted that all the facts connected with the case tend to show that she con-

sented to the intimacy before the act was consummated. The court, following the *Strattman case*, 100 Mo. 550, will take all of these facts into consideration in determining whether she consented or not. (5) There was no evidence that the girl was not of good character, and no testimony was offered to that effect, except the innuendoes of the defendant and his wife; those of the former are to be despised and of the latter to be pitied. The girl's character was not in issue. This court has very clearly said that "a ward's character or reputation or her consent are not to be considered in a case of this kind, but that the simple act of carnal knowledge is sufficient to constitute the crime." *State v. Rogers*, 108 Mo. 202.

GANTT, P. J.—At the April term, 1893, of the circuit court of Gentry county, the defendant was indicted for defiling Clara F. Wheatley, a female under the age of eighteen years who had been and was then intrusted by her parents to his care.

On his application a change of venue was granted to Atchison county and the record was certified accordingly. He was duly arraigned and pleaded "not guilty."

At the January term, 1894, of the Atchison circuit court, both parties, the state and defendant, announcing ready, the trial was proceeded with, resulting in a verdict of guilty and a sentence of three years' imprisonment in the penitentiary. Motions for a new trial and in arrest were duly filed, and, upon being overruled, an appeal was applied for and granted to this court,

The indictment charges an offense under section 3487, Revised Statutes, 1889, and, omitting formal parts, is in these words: "That Oscar B. Lingle, late of the county aforesaid, on the first day of August, 1893, a person to whose care and protection one Clara F.

Wheatley, a female under the age of eighteen years, to wit, of the age of sixteen years, had been and was then and there confided, her the said Clara F. Wheatley, unlawfully and feloniously did defile by then and there unlawfully and feloniously, carnally knowing her, and having carnal knowledge of her body, while she, the said Clara F. Wheatley, was then and there in the care, custody and employment of him, the said Oscar B. Lingle, against," etc.

The defendant is a married man, forty-nine years old. In 1891 and up to November, 1892, he resided at King City. Some time in July, 1891, the defendant employed Clara F. Wheatley, a girl then sixteen years old to do the housework in his family, his wife being sick. He made the arrangements for her employment with the girl's father, assuring him that he (appellant) would pay her whatever she could earn; "*that she would be treated just as if she were at home, good care to be taken of her, and that he would see* that she didn't get to running around or anything of that kind."

The girl went to appellant's house in July, 1891, and remained there continuously until October, 1892; then went to her father's and returned in November, 1892, to help appellant and wife pack their household goods preparatory to removing from King City to Cameron. The girl then went to her father's, and in January, 1893, she was discovered to be pregnant. Her father talked to her about her condition in March or April, 1893, and she stated, as she did on the witness stand, that appellant had intercourse with her twice while she was in his employ and under his care—once in July and again in August, 1892, that those were the only times, and that it was from this intercourse that she was pregnant.

She testified that one day in July, 1892, Mrs. Lingle, the wife of defendant had gone to visit Mrs. Hut-

ton; that witness had been ironing and about the middle of the afternoon had gone to her room and lain down and fallen asleep and was awakened by defendant coming into her room and he threw himself on her bed and had intercourse with her. She testified she resisted all she could. He put his hand over her mouth and told her not to say anything. She never yielded until she thought she had to. After he pulled up her clothes and put his hand over her mouth she made no further resistance. He then talked to her. Said he had never done such a thing before and never would again if she would not tell it and said it would be a disgrace to the church. She testified she didn't like to be talked about, so she promised him she would not say anything about it.

Defendant testified he never had connection with the girl. He offered evidence of excellent good character. He and his wife in their evidence both detailed some circumstances to reflect on the girl's character.

The several errors complained of will be noted in the further discussion of the case.

I. The indictment is sufficient. It is not obnoxious to the criticism that it does not aver that the female was under eighteen years of age. It very clearly alleges that Clara Wheatly was under eighteen years of age on the first day of August, 1893, and that on that day the defendant, to whose care she had been and was then confided, defiled her. A clear substantive charge is necessary and this indictment meets that requirement,

II. The contention of the defendant, that his demurrer to the evidence should have been sustained because the transcript of the Gentry circuit court was not in evidence, is somewhat novel. To obtain a just conception of the point made, it must be premised that it is conceded and established that the indictment in this case was preferred by the grand jury of Gentry

county; that the arraignment was had in that county and a continuance obtained and a change of venue awarded to Atchison county, and a transcript of all these proceedings duly certified was filed in the office of the clerk of the circuit court of Atchison county and was on file when this case was tried and the point now made that, because this transcript from Gentry county was not offered and read in evidence to the jury, the case was not made out. For what purpose would it be evidence to the jury? By virtue of section 4167, Revised Statutes, 1889, when filed, the transcript became a record of the Atchison court, and proceedings were to be had thereon as if the cause had originated there. If the cause had been commenced in that court, will it be seriously contended that the record of the convening of the court, the qualification of the sheriff and his deputies, the impaneling of the grand jury, the return of the indictment should have been read to the jury? Assuredly not. Such a practice has never obtained in any court. Neither is it necessary to read to the jury the transcript. It is a matter with which they have no concern. It was for the court to determine whether the order of removal and prior proceedings in Gentry county conferred jurisdiction on it to proceed. If they did not, defendant could have moved for a remanding of the cause or saved his point by motion in arrest, but this claim is untenable. In *State v. Gamble*, 108 Mo. 500, the defendant complained that the indictment was not read to the jury, but it was ruled by this court that it was not necessary that the indictment should be read to the jury; that it was generally read to the jury as a part of the statement of the prosecuting attorney, but the defendant suffered no wrong because the formal charge was not read to the jury. Whether there was a lawful charge against defendant was a question of law for the court to deter-

mine by inspection of the record of which the transcript had become a part and not a question of fact for the jury. The point must be ruled against the defendant.

III. The order of removal was sufficient. The transcript contained the petition of defendant for a change of venue and the affidavits of the supporting witnesses all averring that the minds of the inhabitants of Gentry county were so prejudiced against him that he could not have a fair trial in said county. The transcript then recites that this application was taken up and considered by the court and sustained and the venue awarded to Atchison county, and the defendant's bond fixed and on the same day he duly entered into a recognizance for his appearance at the next term of the circuit court of Atchison county at Rockport on the fourth Monday in January, 1894.

Where the rolls are thus complete and there is nothing to suggest a diminution, we are not at liberty to surmise and conjecture that there might have been another application on a different ground. *State v. Daniels,* 66 Mo. 192; *Blodgett v. Schaffer,* 94 Mo. 652.

IV. The objection to the first instruction for the state is that it improperly submitted to the jury "that Clara Wheatley was still under the age of eighteen years" when she was defiled by defendant. This contention is a corollary to the point made against the indictment which has already been considered and must along with that be held adversely to defendant. It is exactly in line with the instruction approved in *State v. Strattman,* 100 Mo. 540, and in no way conflicts with the first instruction for defendant.

V. Learned counsel insist that the second instruction for the state is vicious. It is as follows:

"2. The court instructs the jury that, in considering the weight of the evidence given by both defendant

and his wife, they will take into consideration the fact that he is the defendant, testifying in his own behalf, and that she is his wife, and you may consider their interest in this case and the marital relation in passing on the credibility of their testimony."

This instruction was first fully considered and approved in *State v. Cook*, 84 Mo. 40, and was reconsidered and approved in *State v. Young*, 105 Mo. 634, and in many cases since, and we must decline to enter again upon the discussion.

The legislature saw fit in removing the common law disability to attach this infirmity to the evidence of the defendant and his wife, and in reminding the jury of this limitation the court was simply instructing them upon the law of the case.

VI. The third instruction for the state and the fourth given at the instance of defendant, in regard to the credibility of witnesses, properly declared the well settled law on that subject, and does not sustain the objection urged against it.

VII. For the commonwealth, the court also gave the following instruction:

"4. The court instructs the jury that before they can acquit because a higher degree of crime has been shown, they will have to believe from the evidence that, if the defendant were on trial for a much higher degree of crime, it would be their duty from such evidence to convict the defendant of such higher degree of crime, if they believe such evidence to be true, but in this connection you are instructed that if you believe from the evidence that the defendant did use force to accomplish his purpose, yet if you further believe from the evidence that the witness Wheatley did yield her consent to his embraces, however reluctantly, before the carnal act was accomplished, the defendant would not be guilty of such higher crime."

This instruction met with the approval of this court in *State v. Strattman*, 100 Mo. 540, and was followed in *State v. Stone*, 106 Mo. 1, and we think the evidence in this case brings it within the principle of those cases.  The instruction would have been better had it used the word "rape" instead of "higher crime."

VIII. There was no error in refusing defendant's fifth instruction for the reasons assigned for sustaining the second given for the state.  Neither was there any occasion for another instruction on reasonable doubt as it had already been properly defined in the fifth instruction for the state.

IX. Hon. C. H. S. Goodman, one of defendant's counsel, made the opening argument for the defendant. In the course of his remarks he called the attention of the jury to the fact that but two acts of carnal intercourse were testified to by prosecuting witness, one on the —— day of July, 1892, and the other on the —— day of August, 1892; that the evidence showed that the child was born in the usual time, was fully developed and perfectly formed, so that conception could not have followed the act of intercourse in August; that the prosecuting witness stated in most emphatic terms that the first act of intercourse was accomplished by force, that she was ravished.  Thereupon he was proceeding to argue the extreme improbability of conception taking place under these circumstances, whereupon the court, without objection raised by the counsel for the state, interrupted counsel by stating that no testimony had been introduced upon that point, and that counsel should not testify in argument, and forbade any further statement on the point.  To the action of the court in thus interrupting counsel and forbidding further argument on the point, defendant at the time excepted. It is now

urged that counsel was denied the right to fully argue his case.

The right to be heard by counsel is fundamental and organic and courts of last resort will examine with the closest scrutiny a charge that it has been wrongfully denied or unreasonably abridged. Let us understand clearly, then, of what counsel complains. He was proceeding to argue to the jury that Miss Wheatley's testimony was false and not to be credited because although she had testified that her first intercourse with defendant was against her will and had been accomplished by force, yet she had conceived. In other words he was assuming as a scientific fact known and recognized by the consent of all nations and the experience of common life that, if the woman conceived, then there was no rape and therefore the jury should apply the maxim *"falsus in uno falsus in omnibus."*

It is not contended that any physician or other witness had testified that such a deduction must follow as that upon which counsel was proceeding to found his argument, but he assumed that it was within the common knowledge and experience of mankind. If counsel's premise is correct, his conclusion is inevitable. Parties are not bound to produce, nor juries to hear, evidence to establish the existence of facts within the daily experience and cognizance of all men. The courts take judicial knowledge of such matters without proof thereof.

Was counsel for defendant justified in assuming that, because Miss Wheatley afterward conceived, defendant had not accomplished her ruin by force as she testified? To this question the hornbooks of the profession gave an answer, many years ago. East, in his Pleas of the Crown (vol. 1, p. 445), says: "It was formerly supposed that, if a woman conceived, it was no rape, because that showed her consent; but it is

now admitted on all hands that such an opinion has no sort of foundation, *either in reason or law.*" 1 Hawkins, Pleas of the Crown, chap. 41, sec. 2.

"It is now conceded that the organs of conception like those of digestion perform their appropriate functions without the volition of the female." Says Lord Hale, in his Pleas of the Crown, vol. 1, p. 631. "And, therefore, that opinion of Mr. Finch, cited by Dalton, *ubi supra*, and by Stamford, Cap. 14, fol. 24, out of Britton, that it can be no rape, if the woman conceive with child, seems *to be no law mulier enim vi oppressa concipere potest.*" 2 Bishop's New Crim. Law, sec. 1130, par. 2.

The learned counsel, then, was not only relying upon an exploded theory for his fact, but had he been permitted to proceed on that line, the jury might have been led to understand that the subsequent conception disproved the force *as a matter of law.* We think the court very properly declined to permit a discussion based upon a theory which has no scientific support in medical jurisprudence.

Having patiently gone through all the exceptions of the counsel, we discover no good reason for reversing the judgment, and it is accordingly affirmed. BURGESS and SHERWOOD, JJ., concur.