### S. N. JORDAN v. THE STATE.

No. 17722.   Delivered January 8, 1936.
Rehearing Denied April 8, 1936.

The opinion states the case.

*C. F. Stevens,* of Houston, *Harris & Harris,* of Austin, and *S. B. Ehrenwerth,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of illegally performing an abortion and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the court erred in permitting a practical nurse to testify that an unborn child or foetus is located in a woman's womb. Appellant objected to said testimony on the ground that the witness had not qualified as an expert and was, therefore, not qualified to express an opinion with reference thereto. We think that this is a matter of such common knowledge and general notoriety that every one may fairly be presumed to be acquainted with and, therefore, did not call for expert testimony. Wharton on Crim. Evid., Vol. 1, p. 592, says: "Facts of universal notoriety need never be proved, if they are matters which must have happened according to the constant and invarible course of nature, or are of such general and public notoriety that everyone may fairly be presumed to be acquainted with them." See State v. Lingle, 128 Mo., 528.

Appellant's next contention is that the testimony is insufficient to warrant and sustain his conviction in that it failed to show that the foetus was alive or in a state of progress at the time of the alleged abortion. We do not deem it necessary to here state the testimony showing all the preliminary arrangements and preparations for the illegal operation, nor the

use of the various instruments and appliances brought to the operating room by appellant, but confine ourselves solely to a discussion of the question here presented. The girl upon whom the alleged illegal operation was performed testified that she was pregnant, but not sick other than is common with pregnant women. There is no testimony in the record which showed that she took any medicine which might have destroyed the life of the foetus and produced an abortion. A negro woman who was employed by appellant and who fled from the apartment when officers came to summon her to appear before the grand jury, testified: that she was present when the alleged operation was performed; that in cleaning up she noticed some clotted blood with an offensive odor. The odor testified to by the negro woman would, according to the testimony of some of appellant's witnesses, indicate that the foetus was dead, while the testimony of the State's witnesses including that of Dr. Wright who examined the girl shortly after the alleged operation indicated that such a condition did not exist. Dr. Wright on examination of the girl discovered some discharge from her womb, but did not detect any offensive odor. However, according to the well known general course of nature a foetus lives and progresses unless it is interfered with or interrupted by some intervening cause. In the absence of any showing of any intervening cause the presumption prevails that it lived and progressed. Hence, it is obvious that an issue of fact was raised which the court by an appropriate instruction submitted to the jury, who were the sole judges of the facts proven, of the credibility of the witnesses, and of the weight to be given their testimony. Under such a state of facts this court will not disturb their verdict.

Finding no reversible error in the record the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's only bill of exceptions was to the overruling of his objection to the testimony of the nurse assisting the appellant in the alleged abortion. She was permitted to testify as to the point in the body of a woman an embryo or foetus would be located. The objection, that the

witness was not qualified, was in no way certified in the bill as well founded, nor is there anything in the bill from which we might so conclude. We further observe that there was no contest, and in fact could be none as to where such foetus was located, and we see no need for discussion of the question further.

In the light of the able motion and discussion of the facts we have again gone carefully over the record, but are not able to bring ourselves to believe the jury without sufficient testimony before them to justify their finding that appellant was the effective agent in causing the death of an unborn foetus in the body of its mother.

The motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.