STATE of Missouri, Plaintiff-Respondent,

v.

Samell THOMAS, Defendant-Appellant.

No. 37593.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 21, 1976.

Robert C. Babione, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a jury conviction for selling marijuana and a sentence of five (5) years imprisonment imposed by the court pursuant to the Second Offender Act, § 556.280 RSMo 1969.

Appellant's three contentions, all centering on the issue of identity, are: 1) that the evidence was insufficient to support the jury verdict because of inadequacies in the identification evidence; 2) that the submitted verdict director was erroneous because it failed to specifically isolate identity as an issue; and 3) that the trial court should have given a separate cautionary identity instruction sua sponte. We affirm the conviction.

On the morning of February 11, 1975, Detective Patrick Dickens, an undercover narcotics officer, drove to 5943 Oakhurst with his partner. A light-complected black man in his mid-twenties answered the door. Detective Dickens described the man as having a medium-sized Afro, was between 5'7" and 5'8" in height and weighing between 150 and 155 pounds. Dickens also stated that although he did not include it in the police report the man had a mustache shorter than the one he had at the time of trial. The detective asked the man if he could purchase a "nickel bag of smoke." Detective Dickens explained at the trial that a "nickel bag of smoke" was street jargon for a five dollar bag of marijuana. The man admitted him into the house and they had a brief conversation in the hallway. While Dickens waited downstairs, the man ascended the stairs and returned a

minute later with a yellow manila envelope. Dickens took the envelope and gave five dollars to the man. After a brief conversation, the man told Dickens that his name was "Larry." The entire transaction lasted about four minutes; Dickens was with the man for two or three of those minutes. Dickens testified that the only lights he remembered in the house were red, white and yellow Christmas decorating lights hanging from a wall in the living room and adjacent to the hallway.

The detective then left the house and returned to the police car. He and his partner examined the contents of the envelope and determined that it contained a "greenish vegetative type substance." Subsequent laboratory tests revealed the substance to be marijuana.

On March 14, 1975, Dickens and other officers raided the residence at 5943 Oakhurst and arrested several of the occupants. Dickens arrested appellant for the February 11, 1975, sale.

Appellant's only witness, a friend of his, testified that he saw appellant on the weekend prior to February 11, 1975, and that appellant then had a beard. The witness saw appellant the next time on March 14, 1975, when he and appellant went to the house at 5943 Oakhurst to pick up a pair of shoes for the witness' brother. The witness further testified that at the time of trial, appellant was about 5'9" tall and weighed about 170 pounds.

■ Appellant first challenges the sufficiency of the evidence contending that Dickens' two or three minutes' view of appellant, under apparently dim lighting conditions, on February 11, could not provide a sufficient basis for Dickens' March 14, 1975, identification and apprehension of appellant. We do not agree that this is so as a matter of law. The testimony of a single witness, if believed, is sufficient to establish identification, *State v. Tucker*, 451 S.W.2d 91, 93 (Mo.1970); *State v. Graham*, 527 S.W.2d 936, 947 (Mo.App.1975). In the present case, Officer Dickens positively identified appellant at the time of the March 14 arrest and at the trial. Any

inaccuracies in Dickens' identification testimony as to the height and weight of the appellant were for the jury to consider, *State v. DeLuca*, 448 S.W.2d 869, 873 (Mo. 1970). This is especially so where, as here, the inaccuracies are very minimal, *cf. People v. Brown*, 73 Ill.App.2d 448, 220 N.E.2d 92 (1966). Similarly, any inadequacies in the lighting and length of viewing time in the out-of-court identification go to the weight of the identification testimony. That matter is for the jury, see *e. g. State v. Blewett*, 507 S.W.2d 56, 58 (Mo.App.1974) (defendant claimed identifying witness was nearsighted) and *State v. Bibee*, 496 S.W.2d 305, 316 (Mo.App.1973). There was sufficient identification evidence to support the jury verdict.

■ Appellant next takes issue with the court's submission of a verdict director which did not isolate identity as a separate issue to be considered by the jury. Appellant contends that the verdict director effectively "assumed that the person who sold the marijuana is the defendant." The verdict director used was based on MAI–CR 14.10. Implicit in the finding required by the submitted verdict director that "defendant sold" the drug is a finding on identity. The issue of identity does not appear to be a "special negative defense" which would require inclusion of a separate numbered paragraph in the verdict director, see MAI–CR 2.04, Notes on Use. Because there was an approved instruction applicable under the law to the facts, the trial court acted properly in utilizing it and we approve that action, Rule 20.02(c), V.A.M.R., *cf. State v. Blockton*, 526 S.W.2d 915, 918–19 (Mo.App. 1975); *State v. Yeokum*, 516 S.W.2d 535, 537 (Mo.App.1974). We feel that the submitted verdict director together with the standard instructions on the presumption of innocence and reasonable doubt adequately covered the issue of identity, *cf. State v. Neal*, 514 S.W.2d 544, 547 (Mo. banc 1974) and *State v. Smith*, 358 Mo. 1, 212 S.W.2d 787, 789 (Mo.1948).

■ Appellant finally contends that the trial court committed plain error in failing

to give sua sponte a separate cautionary instruction on identification. On appeal, he suggests that the trial court should have given an identity instruction based on the model instruction discussed in *United States v. Telfaire*, 152 U.S.App.D.C. 146, 469 F.2d 552 (1972). This argument has been advanced several times in Missouri cases, but the rule remains that the inclusion of a separate cautionary identity instruction is discretionary, *State v. Collor*, 502 S.W.2d 258, 259 (Mo.1973); *State v. Taylor*, 472 S.W.2d 395, 402 (Mo.1971) and *State v. Letourneau*, 515 S.W.2d 838 (Mo. App.1974). We find no abuse of discretion in the action of the trial court in the present case. There was sufficient, believable identification testimony. More importantly, the importance of the identity issue and the dangers of misidentification were clearly highlighted for the jury because most of the examination of the witnesses and the closing arguments of counsel centered on this issue, *cf. United States v. Roundtree*, 527 F.2d 16, 19 (8th Cir. 1975).

We, therefore, affirm the judgment of the trial court.

WEIER, P. J., and RENDLEN, J., concur.