**STATE of Missouri, Plaintiff-Respondent,**

v.

**Brian Keith RADFORD, Defendant-Appellant.**

No. 37967.

Missouri Court of Appeals, St. Louis District, Division Three.

Sept. 27, 1977.

Motion for Rehearing and/or Transfer Denied Nov. 14, 1977.

Application to Transfer Denied Dec. 19, 1977.

David M. Johnson, Hayes & Heisler, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Nanette K. Laughrey, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Presiding Judge.

Defendant appeals his two count conviction of assault with intent to ravish with malice and first degree robbery. Defendant claims that the lineup procedures in which he was required to participate were improper. We reject defendant's contention and affirm the conviction.

The assault and robbery took place in St. Louis in the early morning hours—about 2:00 A.M. The victim testified that as she emerged from her parked car, she saw the defendant approach her in a stooped position. The defendant placed a sharp object to the victim's neck, threatened and fondled her, told her that he was going to have sexual intercourse with her and forced her to remove a portion of her clothing. When the victim screamed, the defendant struck her repeatedly on her face and head causing her severe physical injury. The defendant then took the victim's purse containing $58 and fled. The victim testified that she had a clear view of the defendant's face for about 1½ to 2 minutes: " . . . [A]nd I looked right at him—I guess it was the same time when he stooped up—I guess about a minute and a half, or maybe two minutes, I looked at him real good." The victim stated that a "big floodlight" served to light the area in which she saw the defendant. After the assault, the victim gave the police a description of her assailant, including an estimate of his height at 5' 10" to 5' 11".

Shortly after the assault, but before the police had been notified of the crime, a St. Louis police officer, Frank Booker, observed the defendant near the scene of the assault. Officer Booker had known the defendant from previous encounters and knew that the defendant did not live in the area. Seven days after the assault, the defendant was arrested on an unrelated charge, and on the basis of Officer Booker's report, he was placed in the lineup as a suspect in the assault and robbery case. The defendant refused to participate in the lineup, and police officers were required to hold his head up while the victim of the assault and robbery viewed the lineup and promptly identified the defendant as her assailant. The victim also identified the defendant in court during the trial.

On appeal, defendant argues that the lineup identification should have been suppressed, because: (1) he was forced to participate in the lineup without his consent and without probable cause; and (2) the police in holding defendant's head rendered the lineup unduly suggestive.

■ Defendant argues that no probable cause existed for his arrest on the assault and robbery charges prior to the lineup; hence, the police could not compel his participation in it. There is no merit to defendant's argument. Defendant was in lawful custody at the time of the lineup. He requested and had counsel present to inform him of his rights. Defendant's participation in the lineup did not infringe upon his right of self-incrimination, *U. S. v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18

L.Ed.2d 1149 (1967), nor has he specified any right that may have been infringed upon.

■ Defendant's claim that the lineup was unduly suggestive is illusory. In determining whether a pretrial confrontation is maculated by suggestive factors, we review the totality of the circumstances surrounding the confrontation. *Simmons v. U. S.,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *State v. Macon,* 547 S.W.2d 507 (Mo.App.1977); *State v. Rutledge,* 524 S.W.2d 449 (Mo.App.1975). Here, any claim of suggestiveness was due to defendant's own contumacy and personal refusal to behave unobtrusively. The suggestiveness was of defendant's creativity and affords no basis for his claim that the lineup was tainted.[1]

■ Further, the victim's in-court identification of the defendant was firmly grounded on her observation of him at the time of the assault. The record contains clear and convincing evidence of the victim's independent source of identification other than at the lineup. And if there is a source of identification independent of a suggestive lineup and there is positive courtroom identification—as here—the in-court testimony is admissible. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *State v. Holland,* 534 S.W.2d 590 (Mo.App.1976). Thus, the in-court identification of defendant in this case was admissible. *State v. Taylor,* 456 S.W.2d 9 (Mo.1970); *State v. Johnson,* 522 S.W.2d 106 (Mo.App.1975).

■ Defendant also argues that the independent identification was unreliable as the victim wrongly stated the defendant's height to police. The defendant was in fact 6′ 6″ tall as opposed to her report of 5′ 10″ to 5′ 11″. But the law does not require that a witness' description be totally accurate, and other factors may be shown to prove the reliability of the independent identifica-

tion. These factors include: the opportunity of the witness to view the criminal at the time of the offense; the degree of attention given by the witness; the level of certainty demonstrated by the witness at the confrontation; and the length of time between the crime and the confrontation. *Neil v. Biggers,* supra; *State v. Davis,* 529 S.W.2d 10 (Mo.App.1975). The facts in this case establish sufficient basis for the victim's identification of the defendant as her assailant. Other than her estimate of the defendant's height, the record discloses no other inaccuracies in her description of the defendant. Inconsistencies in testimony and credibility of witnesses are factors for jury resolution. *State v. Roberson,* 548 S.W.2d 280 (Mo.App.1977); *State v. Peck,* 545 S.W.2d 725 (Mo.App.1977).

Judgment affirmed.

KELLY and WEIER, JJ., concur.

---

1. A parallel factual situation existed in *State v. Redd,* 550 S.W.2d 604 (Mo.App.1977), where the defendant resisted appearing in a police lineup and insisted on sitting on the floor during the identification proceedings. Defendant's

counsel moved to suppress the identification on the basis that the procedures were unnecessarily suggestive. The trial court overruled the motion. However, the defendant's counsel failed to preserve the point on appeal.