STATE of Missouri, Respondent,

v.

Danny DARBY, Appellant.

No. KCD 29172.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Glen Simmons, Gifford & Simmons, Green City, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Danny Darby was convicted by the court in a jury-waived trial of selling lysergic acid diethylamide (LSD) in violation of § 195.017.2(4)(i), RSMo 1971 Supp. The court sentenced him to ten years imprisonment.

On this appeal Darby contends there was a lack of substantial evidence to support the judgment and the sentence was excessive. Affirmed.

Trooper Moses of the State Highway Patrol was working under cover in Brookfield in 1974. He obtained information that Danny Darby was selling drugs. He made contact with Darby and purchased two "hits" of LSD.

At trial the trooper positively identified Darby as the person who sold the drugs to him. Darby's counsel stipulated the drug sold was LSD.

In his first point Darby contends there was a lack of substantial evidence to support the judgment of conviction because the testimony of the trooper was doubtful. "Substantial evidence is that from which a trier of facts could reasonably find the issue in harmony therewith." *State v. Charles*, 537 S.W.2d 855, 857[1–3] (Mo.App.1976). "The testimony of a single witness, if believed, is sufficient to establish identification." *State v. Thomas*, 541 S.W.2d 775, 776[1, 2] (Mo.App.1976).

The weight to be accorded the testimony is to be determined by the court sitting as a jury. *State v. Ramsey*, 368 S.W.2d 413, 418 (Mo.1963). The only question on appeal is whether or not there is substantial evidence to support the judgment. *State v. Lamaster*, 534 S.W.2d 574, 578[5, 6] (Mo.App.1976). The trial court obviously believed the testimony of the trooper. That testimony constituted substantial evidence on the identity of the seller, which was the only contest fact. There was sufficient evidence to support the judgment of conviction.

Darby next raises a point which was not presented to the trial court in his motion for a new trial and is, therefore, not preserved for appeal. *State v. Flynn*, 541 S.W.2d 344, 348[8] (Mo.App.1976).

Darby contends the sentence is excessive because he does not have a previous record of drug offense. The range of punishment was from five years to life imprisonment. § 195.200.1(4), RSMo 1969. The punishment was within the range prescribed. An assignment that the punishment assessed is excessive presents nothing for appellate review. *State v. Bibee*, 496 S.W.2d 305, 312[10] (Mo.App.1973). No contention is made that the sentence was in-

duced by bias or prejudice or other improper motive on the part of the court.

The judgment is affirmed.

All concur.