**STATE of Missouri, Respondent,**

v.

**Daniel SLOAN, Appellant.**

**No. 39726.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 19, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1979.

Application to Transfer Denied
Feb. 13, 1979.

David M. Johnson, Hayes & Heisler, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Judge.

A jury found defendant guilty of burglary and the court imposed a ten-year sentence. Defendant has appealed, contending the state failed to prove intent to steal; also that the court erroneously denied his instruction on the issue of identification.

By a *pro se* after-trial motion, carried forward in his brief, defendant contends he was denied effective assistance of trial counsel by his counsel's failure to call an alibi witness. Such an allegation and the explanation thereof is appropriate under—and better adjudicated by—a motion to vacate under Rule 27.26, V.A.M.R. On this appeal we deny the point, without prejudice. We pass to the merits of the issues of defendant's intent and the denial of his identification instruction.

Defendant contends the evidence failed to show his intent to steal. The state's evidence was that an intruder was found in the victim's residence at midnight. A back porch screen had been cut and a bench moved to a position under the cut screen. When accosted by the victim the intruder left the home and was seen running away. From these facts the jury could infer the intruder's intent to steal, even though nothing was taken. Compare *State v. Massey*, 542 S.W.2d 88[1] (Mo.App.1976), and *State v. Hooper*, 494 S.W.2d 306[4, 5] (Mo.1973). We deny defendant's first point.

There was substantial evidence as to defendant's being the intruder. For two or three minutes the victim saw him in the partially lighted home; two neighbors saw the intruder running from the home. All three identified defendant—from police photographs, a lineup and in court—as the intruder.

As said, defendant contends the trial court erroneously denied his not-in-MAI–CR on identification. The 300-word instruction violated Rule 20.02(d) by note being "simple, brief, impartial and free from argument." On this ground alone refusal was proper. Further, the giving of a separate cautionary instruction is discretionary. *State v. Thomas*, 541 S.W.2d 775[4] (Mo.App.1976). Here, there was abundant evidence of defendant's identity. The trial court instructed the jury on the state's burden of proof, on circumstantial evidence and alibi, and gave a converse instruction on burglary. We hold the trial

court did not abuse its discretion in denying defendant's separate instruction on identity.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.