**STATE of Missouri, Respondent,**

v.

**Myron MAYS, Appellant.**

**No. 40823.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 10, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Nov. 14, 1979.

Robert C. Babione, Public Defender, Linda Murphy, Asst. Public Defender, St. Louis, for appellant.

George A. Peach, St. Louis, John D. Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Defendant was convicted by a jury of robbery first degree and armed criminal action. Under the Second Offender Act, the court assessed punishment at 15 years for robbery first degree and 5 years for armed criminal action, these sentences to run consecutively. On appeal, defendant contends that the trial court erred in two instances: (1) by refusing to give his cautionary instruction on identity and (2) by refusing to allow his attorney to argue the "historic unreliability of eyewitness testimony."

The testimony of the state's two principal witnesses, Miss Hester and Mr. Brown, consisted primarily of identification testimony. Miss Hester, the owner of Waldorf Cleaners, the business victimized, described the robber as a dark man, with full lips and approximately shoulder high to her in height. She described herself as being five feet, six inches tall. She did not notice whether the man had a beard or moustache. She further testified that the robber was wearing a dark blue or black cap, a jacket, and was carrying a silver plated pistol. She was able to identify the defendant from police photographs, at a line-up and in court as the man who robbed her business.

Mr. Brown, an employee of the business, testified that the robber was somewhat shorter than five feet, six inches tall and was wearing a wool hat and light tan coat. He too did not notice any moustache or beard on the robber. He stated that the man carried a nickel plated pistol. Brown was also able to identify the defendant from police photographs, a line-up and in court as the man who robbed the cleaners. Both witnesses were able to view the defendant during the robbery for a period of approximately 10 minutes.

Defendant's first point is that the trial court erroneously denied his instruction on identification. While defendant's requested instruction was not an approved MAI–CR Instruction, Rule 20.02(d) permits non-approved instructions to be given, but requires that they be "simple, brief, impartial and free from argument." The instruction requested by defendant, is except for minor deletions, virtually identical to the model instruction formulated in *United States v. Telfaire*, 152 U.S.App.D.C. 146, 469 F.2d 552, 558 (D.C. Cir. 1972). Refusal to give the requested instruction was sustained in *State v. Sloan*, 575 S.W.2d 836 (Mo.App. 1978). We held there, that it violated Rule 20.02(d) by not being "simple, brief, impartial and free from argument." Id. at 837.

Further, the giving of a separate cautionary instruction on identity is discretionary with the trial court. *State v. Thomas*, 541 S.W.2d 775, 777 (Mo.App.1976). Here, two eyewitnesses gave substantially similar descriptions of the robber and both identified the defendant from police photographs at a line-up and in court as the robber. The trial court instructed the jury on the state's burden of proof, gave the converse instructions for robbery first degree, and armed criminal action and gave the alibi instruction. On the basis of the record before us, we cannot conclude that the trial court abused its discretion in denying defendant's separate identity instruction.

Defendant next avers that the trial court erred by preventing his counsel from arguing the historic unreliability of eyewitness testimony. He argues, citing *State v. Lingle*, 128 Mo. 528, 31 S.W. 20 (1895), that the unreliability of this type of evidence is common knowledge, not requiring the presentation of evidence before it may be argued to the jury.

Defendant's reliance on *Lingle* is not well-placed. That case permits argument of facts within the "common knowledge and experience of mankind." *State v. Lingle*, 128 Mo. at 540, 31 S.W. at 23. Here, coun-

sel for defendant referred to specific facts;[1] not general knowledge known to all men. We do not believe that references to such specific incidents as misidentification by ten or twelve persons are within the daily experience or common knowledge of all men. Counsel's argument then, strayed beyond the bounds of the normal rule that an attorney may not argue matters not in evidence. *State v. Cuckovich,* 485 S.W.2d 16 (Mo. banc 1972); *State v. Davis,* 527 S.W.2d 724 (Mo. App.1975).

Further, in view of counsel's extensive argument as to misidentification before the objection, we find that the trial court did not abuse its discretion in limiting the argument. See *State v. Garner,* 530 S.W.2d 420, 423 (Mo.App.1975).

GUNN and CRIST, JJ., concur.

---

1. Miss Murphy: "If you read the papers, if you listen to the radio, if you watch television, ladies and gentlemen, then you know that history is replete with stories of people who have been misidentified. Not by one or two, but by ten or twelve eyewitnesses."