STATE of Missouri, Respondent,

v.

Donald SMITH, Appellant.

No. 41165.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 9, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied
Dec. 15, 1980.

Robert C. Babione, Public Defender, Mary–Louise Moran, Linda Murphy, Asst. Public Defenders, St. Louis, for appellant.

George A. Peach, Circuit Atty., St. Louis, John Ashcroft, Atty. Gen., Donna Bowles, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Judge.

Defendant appeals jury convictions of attempted robbery, first degree and armed criminal action. The trial judge entered

concurrent eight and three year sentences under the Second Offender Act. His appeal raises three points of alleged trial error: (1) abuse of discretion in denying his request for continuance; (2) denial of due process in admitting a knife neither identified as belonging to defendant nor shown to have been in his possession; (3) refusal of defendant's eyewitness identification instruction.

On May 6, 1978, at approximately 12:30 p. m., Charles Moore's automobile stalled in the vicinity of Rosedale Avenue in St. Louis. Shortly after Moore emerged from his car, two men, one later identified as the defendant, stopped to inquire if he needed a "hot shot". Moore replied affirmatively.

Moore, accompanied by the two men, proceeded to the rear of his car to retrieve battery cables from the trunk. As Moore was looking for the cables, the two men drew knives, and informed him that he was being held up. They wrestled Moore to the ground and tried to go through his pockets. Neither, however, was able to get anything.

Moore yelled. His girlfriend, Deborah Mays, who had previously been seated in the car alighted from it and saw the men wrestling on the pavement. She observed that both men had knives. Passing motorists stopped to give aid causing defendant and his co–assailant to flee in a purple and white Javelin. In his flight, defendant's companion dropped his knife.

Shortly after the attempted robbery, defendant was arrested while driving a purple and white Javelin fitting the description provided by Moore and Mays. The police searched the car and found a pocket knife under the driver's seat. Moore and Mays were conveyed to the scene of the arrest, where they both identified the defendant as a participant in the attempted robbery.

At trial the defendant objected that any testimony regarding the knife seized from the Javelin was irrelevant and immaterial. The trial court overruled the objection and admitted the knife into evidence. The defendant was subsequently found guilty of attempted robbery first degree and armed criminal action.

The defendant complains that trial court's denial of his motion for a continuance to permit representation by chosen counsel violated his sixth amendment right to counsel. We disagree.

On May 29, 1978, Mary Louise Moran, an Assistant Public Defender who was pregnant, entered her appearance as attorney for the defendant. A mistrial was declared on September 28, 1978, because of Ms. Moran's hospitalization due to an illness not associated with her pregnancy. The cause was reset for trial and subsequently the Public Defender assigned an attorney to represent the defendant. On November 14, 1978, defendant filed a motion to continue the trial after January 1, 1979, in order to permit Ms. Moran to represent him. The motion was overruled and the trial began on November 20, 1978.

Defendant's contention of error regarding refusal of a continuance to allow him choice of attorney collides first with the basic precept that trial court is vested with vast discretion in that determination. *State v. Smith*, 586 S.W.2d 399, 401 (Mo. App.1979). Furthermore, "[t]he constitutional right to counsel does not mean that the accused is entitled to any particular attorney." *State v. Jefferies*, 504 S.W.2d 6, 7 (Mo.1974), *quoting State v. Williams*, 419 S.W.2d 49, 54 (Mo.1967). It is limited to the extent it impinges upon the public interest in the prompt and efficient administration of justice. *State v. Morris*, 591 S.W.2d 165, 168 (Mo.App.1979); *State v. Jefferies*, 504 S.W.2d at 7. "Only where the accused can demonstrate an irreconcilable conflict with appointed counsel is he entitled to a continuance to obtain new counsel on the eve of the trial." *State v. Smith*, 586 S.W.2d at 401.

The defendant has not demonstrated any irreconcilable conflict with appointed counsel. The defendant does not allege that he was inadequately represented at trial, and the record indicates that his attorney performed competently, aggressively and satisfactorily. We find no abuse of discretion in the trial court's action and refuse to inter-

fere with the trial court's denial of the continuance.

The defendant's next complaint is that the trial court erred in admitting the pocket knife into evidence. The gravamen of his claim is that the knife was irrelevant and immaterial evidence as it was neither identified as belonging to defendant nor shown to have been in his possession. This contention is without substance. The following fundamentals apply to the situation here.

"The determination of whether a weapon is properly admitted focuses on whether there is evidence which connects it to the crime or the accused." *State v. Duncan*, 540 S.W.2d 130, 131 (Mo.App.1976). "[A] prima facie showing of identity and connection with the crime is necessary and sufficient; clear, certain and positive proof is not required." *State v. Richetti*, 342 Mo. 1015, 119 S.W.2d 330, 339 (Mo.1938).

■ The evidence adequately substantiates the linkage between defendant and the knife necessary to sustain admissibility.

Both the victim and an eyewitness testified that the defendant had a pocket knife and fled in a purple and white Javelin. Shortly thereafter defendant was observed driving a Javelin matching the witnesses' description. The police arrested defendant and found the pocket knife under the driver's seat. The knife corroborates the witnesses' testimony. It therefore has probative value and may be considered by the jury. *State v. Crowley*, 571 S.W.2d 460, 464 (Mo.App. 1978).

■ Defendant next asserts that the trial court erroneously refused his non–MAI identification instruction.[1] The instruction violates Rule 20.02(d) V.A.M.R.[2] by not being "simple, brief, impartial and free from argument." On this ground alone refusal was proper. *State v. Sloan*, 575 S.W.2d 836, 837 (Mo.App.1978). Further, the trial court has the discretion to accept or refuse a separate cautionary identification instruction. *State v. Higgins*, 592 S.W.2d 151, 161

---

1. Defendant's refused instruction reads as follows:

   One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime. The State has the burden of providing identity, beyond a reasonable doubt. It is essential that the witness himself be free from doubt as to the correctness of his statement. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

   Identification testimony is an expression of belief or impression by the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later.

   In appraising the identification testimony of a witness, you should consider the following:

   1. Are you convinced that the witness had the capacity and an adequate opportunity to observe the offender?

   Whether the witness had an adequate opportunity to observe the offender at the time of the offense will be affected by such matters as how long or short a time was available, how far or close the witness was, how good were lighting conditions, whether the witness had had occasion to see or know the person in the past.

   2. Are you satisfied that the identification made by the witness subsequent to the offense was the product of his own recollection? You may take into account both the strength of the identification, and the circumstances under which the identification was made.

   If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him for identification, you should scrutinize the identification with great care. You may also consider the length of time that lapsed between the occurrence of the crime and the next opportunity of the witness to see defendant, as a factor bearing on the reliability of the identification.

   3. You may take into account any occasions in which the witness failed to make an identification of defendant, or made an identification that was inconsistent with his identification at trial.

   4. Finally, you must consider the credibility of each identification witness in the same way as any other witness, consider whether he is truthful, and consider whether he had the capacity and opportunity to make a reliable observation on the matter covered in his testimony.

   If after examining the testimony, you have a reasonable doubt as to the accuracy of the identification, you must find the defendant not guilty.

2. Rule 20.02(d) V.A.M.R. has been changed to Rule 28.02(d) V.A.M.R. effective January 1, 1980.

(Mo. banc 1979). There was ample direct and cross examination on the identity of the defendant. Also the trial court instructed the jury on the State's burden of proof beyond a reasonable doubt and the believability of witnesses. Therefore, we conclude the trial court did not abuse its discretion in refusing to give the proffered non–MAI instruction.

In harmony with judicial economy and efficiency and pursuant to Supreme Court Rule 84.13(c) we reverse the trial court's judgment of armed criminal action as we are constrained to follow the dictates of *Sours v. State*, 603 S.W.2d 592 (Mo.1980).

Judgment affirmed as to defendant's conviction of attempted robbery first degree and reversed as to defendant's conviction of armed criminal action.

GUNN, P. J., and STEPHAN, J., concur.