**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Donald SWINK, Defendant-Appellant.**

**No. 43354.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

Robert A. Cox, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

This is an appeal by the defendant Donald Swink from a conviction by a jury of robbery in the first degree. § 569.020 RSMo 1978. The court imposed a thirty year sentence. Defendant has appealed, contending that the court erred in refusing defendant's proposed identification instruction.

We note that defendant has not properly preserved this point for review. Rule 30.06(e) requires that an appellant raising as error the trial court's failure to submit an instruction must set out in the argument portion of his brief the instruction which he alleges should have been given. Thus since defendant has failed to set out the identification instruction in his argument this point is not subject to review by this court. *State v. Nicolosi*, 588 S.W.2d 152, 157 (Mo.App.1979).

However, even had defendant complied with the requirements of Rule 30.-06(e) in this respect, we conclude that the trial court did not err in refusing the proposed instruction. The identification instruction tendered by defendant is not contained within MAI–CR but is based on the model instruction discussed in *U. S. v. Telfaire*, 469 F.2d 552 (U.S.App.D.C.1972). Defendant's argument that the trial court should have given this identity instruction has been advanced several times in Missouri cases, but the rule remains that the inclusion of a separate cautionary identity instruction is discretionary with the trial court. *State v. Thomas*, 541 S.W.2d 775, 777 (Mo.App.1976). We find no abuse of discretion by the trial court in the present case. The record reveals that two eyewitnesses gave substantially similar descriptions of the robber and identified defendant from police photographs, at a lineup and in court as the robber. Further, the importance of the identity issue was clearly highlighted for the jury through the examination of witnesses and in the closing arguments. *U. S. v. Roundtree*, 527 F.2d 16 (8th Cir. 1975). The trial court instructed the jury on the State's burden of proof, on the believability of witnesses, and gave the converse instruction for robbery in the first degree. Thus on the basis of the record before us, we believe that the instructions submitted to the jury adequately cover the question of how the jury is to deal with the identification testimony. *State v. Mays*, 588 S.W.2d 6 (Mo.App.1979). Additional instructions on that subject were unnecessary and the requested instruction here was properly refused.

Affirmed.

CRIST, P. J., and SNYDER, J., concur.