STATE of Missouri,
Plaintiff-Respondent,

v.

Danfer Lee KNIGHT,
Defendant-Appellant.

No. 42801.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1981.

Joseph W. Downey, Public Defender, Mary Elizabeth Dockery, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his conviction of the offense of robbery in the second degree. He was sentenced under the persistent offender statute to a term of 15 years in the Division of Corrections. Defendant does not challenge the sufficiency of the evidence and a recitation of the evidence is not necessary for a determination of his three points on appeal.

Each of the three points involves matters which were discretionary with the trial court and defendant here contends that discretion was abused. We disagree.

Defendant's first point assails the court's denial of a cautionary identification instruction. Defendant offered an instruction on identification which was not MAI–CR but was based upon the model instruction discussed in U. S. v. Telfaire, 469 F.2d 552 (D.C. Cir. 1972). Although such an instruction has been advanced several times in Missouri cases, the law in Missouri commits the inclusion of a separate cautionary identity instruction to the discretion of the trial court. State v. Mays, 588 S.W.2d 6 (Mo.App. 1979); State v. Thomas, 541 S.W.2d 775, 777 (Mo.App. 1976). We have examined the instructions given to the jury and conclude that they adequately cover the question of how the jury is to deal with the identification testimony. See, State v. Quinn, 594 S.W.2d 599 (Mo.banc 1980). Therefore we find no abuse of discretion in the denial of the cautionary identification instruction.

Defendant next contends that the court erred in denying his motion to have the jury view the courtroom in Division 25. The purpose for this request was to demonstrate to the jury the alleged inaccuracy of the recollection of the prosecuting witness. Although defendant admits that whether or not the jury is permitted to view a piece of evidence located outside the courtroom is a matter for the sound discretion of the trial judge, State v. McAnulty, 491 S.W.2d 259, 261 (Mo.1973), he contends that this discretion was abused because the courtroom to be viewed was in the same building. A review of the record fails to demonstrate an abuse of discretion in the court's denial of his request.

Finally defendant contends the court erred in failing to declare a mistrial after the following question was asked during the state's examination of an eyewitness.

Q. O.K. Now, when you got onto the parking lot did you happen to notice if anyone else—Well, let me back track a little bit. When the defendant got to the parking lot, which direction did he go?

MS. DOCKERY: Your Honor, I object. It assumes facts not in evidence. There has been no showing that the person that this witness is describing is the defendant.

MR. FINNEY: I'll rephrase the question.

MS. DOCKERY: Your Honor, may we approach the bench?

(Counsel approached the bench and the following proceedings were had out of the hearing of the jury:)

MS. DOCKERY: Your Honor, at this time, I ask for a mistrial. The State has, in effect, testified that the person was the defendant before there was any identification.

THE COURT: Overruled.

(The proceedings returned to open court.)

Q. (By Mr. Finney:) At the time that you saw the young man get to the parking lot, what did he do?

 Although the question as initially asked was improper, the prosecuting attorney upon objection properly rephrased the question and we cannot find an abuse of discretion in the court's determination that the defendant should not have been granted a mistrial.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.