STATE of Missouri, Respondent,

v.

Steve TAYLOR, Appellant.

No. 43469.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 8, 1981.

Motion for Rehearing and/or Transfer
Denied Jan. 15, 1982.

Application to Transfer Denied
Feb. 16, 1982.

Linda Murphy, and Joseph W. Downey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of robbery in the first degree in violation of § 569.020, RSMo. 1978 and was sentenced to thirteen years in the Division of Corrections. Defendant challenges his conviction on two grounds: (1) the victim's identification testimony should have been suppressed as the direct result of defendant's illegal arrest, and (2) the jury should have been instructed on eyewitness identification. We disagree and affirm.

On March 4, 1980, at approximately 3:25 p. m., James Jones was accosted by three men while removing a snow blower and gas can from a truck at Emerson School in St. Louis. Defendant held a gun on Jones while the other two searched his pockets, removing money, a wallet, and personal papers. As the three fled with Jones's property and the snowblower belonging to his employer, defendant fired three shots at Jones, missing on all three. One of the robbers climbed into a car and drove away. Jones was able to get the license number of this vehicle.

Jones reported the robbery to the police and gave the following description of the suspects: Three negro males, 18–20 years of age, ranging in height from 5'6" to 5'9". St. Louis Police Officer Roger Kohler, who responded to the call, learned that the owner of the car was Edgar Cunningham, who lived approximately four blocks from the scene of the crime. Kohler arrested Cun-

ningham when he emerged from his residence, crossed the street to the car with the reported license number and attempted to drive it away. After talking with Cunningham for a few minutes, Kohler saw four black males walking down the street. Two of these individuals were walking fifty feet in front of the other two. Kohler crossed the street and arrested these four individuals, including the defendant. Kohler knew these four individuals to be associates of Cunningham. He also knew that defendant was free on bond. The arrest was made about twenty minutes after the robbery.

An hour after the robbery, Jones went to the police station and viewed a line-up which included all five of those arrested. He immediately picked out defendant as the robber who carried the gun and shot at him. He also picked co-defendants Jerry Wiggins and Cunningham as the other robbers.

■ A warrantless arrest necessitates a demonstration of probable cause. When accomplishing the arrest, the officer must have known facts adequate for a careful individual to surmise that defendant had perpetrated a breach of the law. *State v. Berry*, 609 S.W.2d 948, 952 (Mo.banc 1980). While such an arrest must stand upon a more secure base than simple suspicion, determining the existence of probable cause is a practical inquiry decided by the specific facts in issue. *State v. Simpson*, 611 S.W.2d 556, 558 (Mo.App.1981).

■ The record here abounds with events justifying a finding of probable cause. Everyone in the groups of those arrested, including defendant, generally matched the description given by Jones. It is true that defendant stands 5'11", while Jones's description called for those between 5'6" and 5'9" in height, but the law does not require that a witness's description be absolutely perfect. *See, State v. Radford*, 559 S.W.2d 751, 753 (Mo.App.1977). Defendant was a known associate of Cunningham, the owner of the vehicle identified as a get-away car, and was found in the same place as Cunningham. Defendant was also free on bond on another charge at the time. Officer Kohler had all this data at his command

when he made his decision to arrest. We hold that he had probable cause to arrest defendant.

■ Even if we were to hold the arrest improper, such an illegal arrest would not render inadmissible identification testimony arising from the ensuing lineup. *State v. Lynch*, 528 S.W.2d 454, 459 (Mo.App.1975). The defendant's presence cannot be assailed as the fruit of an illegal arrest. *United States v. Humphries*, 636 F.2d 1172, 1181 (9th Cir. 1980). *See also, United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980). We find against defendant on this point.

■ Defendant offered, and the trial court refused, a non-MAI cautionary identification instruction. The trial court had complete discretion to take or decline the instruction. *State v. Smith*, 607 S.W.2d 737, 739 (Mo.App.1980). In any event, defendant's proposed instruction was not clear, concise and free from contention as required by Rule 28.02(d). *State v. White*, 617 S.W.2d 596, 597 (Mo.App.1981).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.