**Carl D. ANTHONY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31705.**

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

Philip H. Schwarz, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Appellant, convicted after a jury trial of the offenses of burglary second degree and stealing, sought post-conviction relief under Rule 27.26. After an evidentiary hearing, the trial court denied the motion and Anthony appeals asserting a single ground of error. He contends that failure of his trial counsel to interview a defense witness prejudiced his case, that he was denied a fair trial on this account and that the court erred in failing to grant his motion and set aside his conviction.

Anthony was convicted in 1977 on evidence which persuaded a jury that he had burglarized a residence and had taken items from the house. That evidence, in brief, was that police officers responding to a report of a prowler found Anthony near the home which had been forcibly entered and ransacked. While fleeing, Anthony dropped a bundle containing items taken in the burglary, and two rings belonging to the owner of the premises were found on Anthony's person. On direct appeal, Anthony's conviction was affirmed. *State v. Anthony*, 577 S.W.2d 161 (Mo.App.1979).

■ The only claim of the 27.26 motion pursued here is that Anthony's lawyer, who was not available and did not testify at the 27.26 hearing, rendered ineffective assistance because he failed to contact and interview one Roundtree as a prospective defense witness. According to Anthony, Roundtree was arrested approximately one mile from the site of the crime in possession of goods taken in the break-in and subsequently pleaded guilty to the offense. Anthony contends that his attorney should have contacted Roundtree and interviewed him "to see if, in fact, that I was with him." Significantly, Anthony makes no assertion as to what would have been Roundtree's evidence had he testified; he does not explain what connection, association or acquaintanceship existed between Roundtree and Anthony and he does not suggest how his possession of the stolen goods and presence at the location of the burglary would have been countered by testimony Roundtree could offer.

■ Aside from the fact that ineffective assistance of trial counsel may not be predicated on matters of trial strategy, a circumstance common where counsel decides not to call a certain witness, *Eldridge v. State*, 592 S.W.2d 738 (Mo. banc 1979), the movant under Rule 27.26 who charges that his attorney was ineffective because he failed to call a witness must allege and prove that the absent witness would have testified as to some issue material to the defense and would have aided the defendant had he been called. *Mayes v. State*, 589 S.W.2d 637 (Mo.App.1979); *Aikens v. State*, 549 S.W.2d 117 (Mo.App.1977). The record here is devoid of any such evidence.

The judgment of the trial court is based on findings of fact which are not clearly erroneous and no error of law appears. An extended opinion would have no precedential value and, in accordance with Rule 84.-16, the judgment is affirmed.

All concur.