**R. V. PRIDE, Plaintiff-Appellant.**

**v.**

**STATE of Missouri,**
**Defendant-Respondent.**

**No. 42430.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 10, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied June 8, 1981.

Gary L. Robbins, Public Defender, Jackson, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Chief Counsel-Criminal Division, Kathryn Marie Krause, Jefferson City, Stephen Limbaugh, Pros. Atty., Jackson, for defendant-respondent.

JAMES D. CLEMENS, Senior Judge.

Movant R. V. Pride, hereafter "defendant", appeals the summary denial of his

Rule 27.26 motion challenging an all-white jury panel. We affirm.

At his 1977 jury trial defendant was found guilty of robbery and felonious assault. The jury being unable to agree on punishment the trial court sentenced him to consecutive twenty and five year terms. The judgment was affirmed on appeal. *State v. Pride*, 567 S.W.2d 426 (Mo.App. 1978). Throughout defendant was represented by attorney O. J. Gibson of Cape Girardeau.

Defendant's present contention is that at trial time blacks and women were systematically excluded from jury service in Cape Girardeau County. By his motion defendant now contends trial counsel was ineffective in failing to file a motion to quash the jury panel on that ground.

At the outset we note, contrary to defendant's contention, that trial counsel did specifically move the trial court to quash the entire jury panel on the ground no blacks were included, although the county population was three percent black. In denying the motion the trial court took judicial notice of the court's method of selecting prospective jurors: Briefly, each year 400 names of men and women were selected at random from the county's voter registration lists which give no indication of a voter's race; from these 400 names 75 are drawn at random to serve at the next term of court. The post-conviction court so found in denying movant's motion to vacate.

In present counsel's brief he concedes "in all candor" that he "does not know whether the jury selection motion was infirm" so admittedly he is unaware of facts to support his contention of improper jury selection. By his motion he sought by interrogatories a massive ten-year record of miscellaneous records, including census, voting records and drivers' licenses concerning blacks in the county. Thus, defendant is admittedly unaware of facts to support his contention of discriminatory jury selection. He sought the court's aid to assist in what the state calls a "fishing expedition". The post-conviction court had no duty to compile the statistics for the defendant to show illegal discrimination in jury selection. In

*State v. Crookett*, 543 S.W.2d 314 (Mo. 1976) the court held at l. c. 321: "The burden of showing systematic exclusion is on defendant and it does not shift to the State until defendant makes a prima facie case of illegal exclusion... Neither is it the duty of the court to compile statistics pertaining to the percentage of Negroes eligible and qualified for jury service."

When movant alleges ineffective assistance of counsel he can sustain his burden of proof only by clearly demonstrating that the conduct of counsel resulted in depriving him of a fair trial. *Owens v. State*, 543 S.W.2d 810 [2] (Mo.App. 1976). Counsel's "representation must be so woefully inadequate that it shocks the conscience". *State v. Garrett*, 510 S.W.2d 203 [4–7] (Mo. App. 1974). And, our review of the denial of a Rule 27.26 motion is limited to determining whether the trial court's findings and conclusion are clearly erroneous. *Covington v. State*, 600 S.W.2d 186 [1, 2] (Mo. App. 1980). Here, the defendant has failed to meet each of these criteria.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.