**STATE of Missouri, Respondent,**

v.

**Joseph SMITH, Appellant.**

**No. 45478.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 8, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
April 15, 1983.

Application to Transfer Denied
May 31, 1983.

**6**

Nancy Hentig Narrow, Asst. Public Defender, Jackson, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Stephen N. Limbaugh, Jr., Asst. Pros. Atty., Cape Girardeau, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of first degree robbery, a violation of § 569.-020, RSMo. 1978. He was adjudged a persistent offender because of three prior felony convictions, and was sentenced to a term of thirty years with the Department of Corrections. We find no merit to any of his contentions of error and affirm his conviction.

Mark Oberle testified that he was working as a clerk at a combination gas station/convenience store on the evening of November 15, 1981, in Cape Girardeau, Missouri. At approximately 11:00 p.m., a man wearing sunglasses and a ski mask, which left his eyes, nose, and upper lip exposed, entered the store and pointed a gun at him. Oberle testified that despite the attempt at the disguise, "[I]mmediately looking at the guy I knew who he was .... There was no question in my mind I knew who the guy was, because of the previous times that he had been in the station. He was in there so many times ...." The robber demanded the store's money. The clerk gave him a "stack of twenties, a bunch of tens, fives and ones" and then the man left. After the robbery, it was determined that $729.00 was missing.

Later that evening, the victim picked out defendant's photograph as the robber. The next morning, a little after 9:00 a.m., Oberle saw the defendant walking across the

street from the convenience store. The police were notified and at approximately 9:30 a.m. defendant was arrested after he came out of the Farmers and Merchants Bank. He had $81.89 in his possession consisting of 37 one dollar bills, two ten dollar bills, one twenty dollar bill and $1.80 in change. He also had a key to a safety deposit box.

It was stipulated that at 9:30 a.m. on November 16, 1981, the defendant obtained entry to his safety deposit box at the Farmers and Merchants Bank. The box contained, among other things, $500.00 in cash consisting of 10 twenty dollar bills, 10 ten dollar bills, and 40 five dollar bills.

Defendant did not testify. The defense attempted to establish that the $500.00 in cash in the safety deposit box was defendant's gambling winnings and that defendant had been mistaken for his brother, Aaron.

In defendant's first point on appeal, he contends the trial court erred in failing to dismiss the charges against him as a sanction for the state's failure to comply with discovery.

On December 7, 1981, the defendant filed a motion, pursuant to Supreme Court Rule 25.03 for "any recorded ... statements made by the defendant ...." The state filed an answer but did not indicate there were any recordings of defendant. On January 11, 1982, defendant filed a motion to compel discovery. At a hearing on the motion, officer Karen Sullinger of the Cape Girardeau Police Department testified that she recorded three conversations with the defendant after he was arrested. She further stated that on Friday, January 8, 1982, six days before trial, she told the prosecuting attorney that a recording of the defendant had been made. At that point, the prosecuting attorney phoned defendant's attorney and advised her that a tape existed. On the following Monday, January 11, however, officer Sullinger stated the police discovered that sometime prior to January 8, in accordance with normal police procedure, the tape containing the conversations had been erased.

The following exchange between counsel and the court occurred:

THE COURT: Do you anticipate that this witness [Sullinger] will testify to any of the conversations she had with the defendant?

MR. LIMBAUGH: Yes, Your Honor.

THE COURT: And were these conversations taped?

MR. LIMBAUGH: Yes, Your Honor.

. . . .

MS. HENTIG: Your Honor, I would like to move that the case be dismissed. I think these tapes are very important and some of the information—

THE COURT: Denied. Denied. But, she isn't going to testify to anything that was—any information she got from this defendant during the taped conversation

. . . .

Rule 25.03(C) provides that the prosecutor must "use diligence and make good faith efforts to cause such materials to be made available to the defense counsel" if the item is in possession or control of other governmental personnel. *State v. Doney,* 622 S.W.2d 227, 231 (Mo.App.1981). The state concedes it had a duty to disclose the recording to the defendant.

■ Rule 25.16 provides that if a party has failed to comply with an applicable discovery rule, the court may order the party to make such disclosure, grant a continuance, exclude such evidence, or enter such other orders as it deems just under the circumstances. In the present case, the trial court ordered the evidence excluded. It is well-settled that whether a sanction is to be imposed or the nature of the sanction, if imposed, is a matter within the discretion of the trial court. *State v. Royal,* 610 S.W.2d 946, 951 (Mo.banc 1981); *State v. Brown,* 604 S.W.2d 10, 14 (Mo.App.1980).

■ It would have been fruitless for the court to have entered an order requiring the state to disclose the material or grant a continuance. Defendant asserts no other remedy than dismissing the charge against defendant was adequate because fundamental unfairness resulted. We have reviewed

**8**

the record and have concluded in these circumstances, the trial court did not abuse its discretion.

 Defendant's next point is also directed at a discovery violation. On the morning of trial, the prosecuting attorney produced a supplemental statement of the victim, Mark Oberle, which he had not previously provided defendant. Defendant requested that no testimony be allowed regarding the subject matter of the statement or, in the alternative, the charges be dismissed. The court ruled that the statement could only be used for rebuttal purposes. The statement was not used at trial. We do not know whether the subject matter of the statement was referred to by the victim in his testimony because defendant has neither provided us with a copy of the supplemental statement, nor even advised us generally of its contents. Under these circumstances, we find no abuse of trial court discretion.

 Defendant's third point concerns a statement by the prosecuting attorney during closing argument. The prosecuting attorney stated, "you send that message and make it loud and clear so that he takes it back to the penitentiary with him ...." Defendant contends this was an improper comment on the fact that he had committed other offenses. Defendant made no objection to the comment, so we must review the point to determine whether plain error occurred. *State v. Burnfin,* 606 S.W.2d 629, 631 (Mo.1980). That is, whether error occurred affecting substantial rights of the accused which resulted in manifest injustice or a miscarriage of justice. Rule 30.20. The comment was clearly error; however, we have concluded it neither resulted in a manifest injustice or a miscarriage of justice and deny defendant's point.

 In defendant's final point, he contends the trial court erred in refusing to give a non-MAI–CR2d instruction on identification. This point was not preserved in defendant's motion for a new trial, so we must review it to determine whether it constituted plain error. The use of a separate cautionary instruction on identification is left to the discretion of the trial court. *State v. Knight,* 621 S.W.2d 109, 110 (Mo. App.1981). In the circumstances of this case, we find no abuse of discretion, therefore, no plain error occurred.

Affirmed.[1]

CRANDALL, P.J., and CRIST, J., concur.

---

1. We have also considered defendant's pro se brief and his points contained therein.