STATE of Missouri,
Plaintiff-Respondent,

v.

Christopher WILLIAMS,
Defendant-Appellant.

No. 46496.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

Application to Transfer Denied
Sept. 11, 1984.

ing record shows he has accumulated eight points in 18 months. Section 302.304.2 RSMo Supp.1983.

Dorothy Mae Hirzy, Asst. Public Defender, St. Louis, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant was jury-tried for robbery in the first degree, § 569.020, RSMo 1978. He was found guilty and sentenced as a prior and persistent offender to serve a term of twenty years.

Defendant's points on appeal permit an abbreviated statement of facts. The testimony of the victim was sufficient to support the verdict. She testified that at 11:00 A.M. on March 4, 1982 in the City of St. Louis she was followed by the defendant for a block or more and for a period of at least ten minutes. The defendant approached her and placed a gun to her forehead and demanded her purse. After some resistance the strap on the purse broke and he departed with the purse and its contents. The purse contained money, a driver's license, identification cards and other personal items. The victim and her daughter testified that at approximately 2:00 P.M. on the day of the robbery the defendant's sister visited their home and returned some of the contents of the purse. The victim said defendant's sister explained that she had recovered the victim's driver's license and the other items from an empty house next door to her home after she saw her brother, the defendant, empty the purse. The victim and her daughter followed the sister to the defendant's home and recovered the purse and other items. While at the defendant's home the victim identified the defendant from a photograph shown to her by the defendant's sister. The victim returned to her home and summoned the police who returned with her to the defendant's home. The police arrested

the defendant inside the home and conducted him to a police vehicle. The victim identified him as he came out of the house and again after he was placed in the police vehicle.

Defendant contends that the evidence of identification by the victim should not have been allowed in evidence. He argues that his motion to suppress the identification should have been sustained because the defendant was presented to the victim in handcuffs as he was conducted to the police vehicle, an event that was inherently suggestive. Although the state's witnesses did not agree that the handcuffs were applied to the defendant before he left his home we will consider this point as if they were because that was the victim's testimony and because, even if that is true, defendant's contention fails.

Although the circumstances, including the handcuffs, were as defendant contends, inherently suggestive they were neither unduly suggestive nor did they render the in-court identification unreliable. *See State v. Johnson,* 628 S.W.2d 904, 908 (Mo.App.1982). In order to reach the level of a denial of due process, the court must find *both* undue suggestion and resulting unreliability. *Manson v. Brathwaite,* 432 U.S. 98, 115, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *State v. Story,* 646 S.W.2d 68, 71 (Mo. banc 1983).

The victim had ample opportunity to view her assailant. During the daylight robbery she had observed her assailant for ten minutes before the robbery, and saw him face to face during the robbery and subsequent resistance and struggle. Prior to the questioned identification and within hours of the event she identified him from a photograph in his home. Both the photograph identification and the victim's testimony of the defendant's sister connecting the defendant with the purse and its contents constitute an independent basis for the in-court identification. *See State v. Powell,* 648 S.W.2d 573, 577 (Mo.App.1983). Viewing the defendant while handcuffed did not render the identification unreliable. *State v. Johnson,* 628 S.W.2d 904, 908 (Mo.

App.1982). Defendant's first point is denied.

Defendant's second contention of error argues that the court erred in not giving a non-MAI-CR instruction on the accuracy or reliability of identification testimony proposed by the defendant. This point is denied. As noted in *State v. Smith,* 650 S.W.2d 5, 8 (Mo.App.1983) the use of a separate cautionary instruction on identification is left to the discretion of the trial court. When there is extensive direct and cross-examination and argument on the issue of identification and the possibility of misidentification there is no abuse of discretion in denying use of the non-MAI instruction. *State v. Higgins,* 592 S.W.2d 151, 161 (Mo. banc 1979). In addition, defendant's failure to include the instruction in the argument portion of the appellant's brief was a violation of Rule 30.06(e) precluding the point from review by this court. *State v. Swink,* 620 S.W.2d 63, 64 (Mo.App. 1981).

Defendant's final point is that the court erred in refusing to allow counsel to exhibit defendant's right hand to the jury during closing argument. The defendant did not testify. He offered evidence in the form of medical records and the testimony of relatives that in 1981 he sustained an injury to the tendons and the median nerve of the right wrist. The injury required surgery and resulted in disability. This evidence was offered to prove that the defendant could not have done some of the acts that the victim attributed to her assailant. During closing argument defendant's counsel argued that the victim described a two-handed crime but that defendant had the full use of only one hand. After a review of the medical record evidence defense counsel asked the court,

(Counsel): With the permission of the court and the sheriff, I would like to ask Christopher Williams to come and show his hand to the jury.

The Court: Not at this time. You may argue the case at this time.

(Counsel): Pardon me.

 

The Court: You may argue the case at this time.

(Counsel): Christopher Williams has got a semi-paralyzed right hand.

The bulk of defendant's arguments skillfully demonstrated the apparent inconsistencies in the victim's testimony, in the testimony of other state's witnesses when compared with the victim's testimony, and in the victim's testimony as to how the robbery occurred when compared with the defendant's evidence of medical disability. Counsel made no further request of the court or objection to the ruling on the request to exhibit defendant's hand.

We review the alleged error as a contention of plain error, as it was not preserved for review, *State v. Lang*, 515 S.W.2d 507, 511 (Mo.1974), in order to determine whether the ruling resulted in manifest injustice. The exhibit of defendant's arm, wrist or hand would constitute an exhibit not in evidence. The issue was in evidence through the testimony of defendant's relatives and the medical records but the exhibit was not. "Counsel is given wide latitude in arguing a case to the jury, but counsel may not argue matters outside the scope of the pleadings and the evidence." *State v. Darnell*, 639 S.W.2d 869, 873 (Mo.App.1982). The trial court has broad discretion in determining the propriety of oral argument and appellate courts will not interfere absent clear abuse of that discretion and prejudice to the defendant. *State v. Treadway*, 558 S.W.2d 646, 650 (Mo. banc 1977).

We find neither an abuse of discretion nor prejudice to the defendant and note that during cross-examination of the victim defendant's counsel was permitted to ask the defendant to exhibit two gold teeth to the victim and the jury as a foundation for an effort to discredit her identification. No effort was made to similarly exhibit the disabled arm. The court's ruling did not foreclose the issue from argument or the consideration of the jury; it simply prevented the introduction of new evidence during closing argument. As a matter of plain error there was no abuse of discretion and this point is denied.

We affirm.

REINHARD and CRANDALL, JJ., concur.