Joseph SMITH, Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 48413.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

Application to Transfer Denied
Feb. 26, 1985.

■■■■■■■■■■■■■■■■

David Woods, Poplar Bluff, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Larry Ferrell, Cape Girardeau, for defendant-respondent.

PUDLOWSKI, Judge.

Appellant Joseph Smith was convicted of first degree robbery by a jury in the circuit court of Cape Girardeau County. He was sentenced to thirty years in the Missouri Department of Corrections as a persistent offender. The conviction was affirmed by this court in *State v. Smith,* 650 S.W.2d 5 (Mo.App.1983).

Appellant filed a pro se motion under Rule 27.26 to vacate the sentence and judgment, and his appointed counsel filed an amended motion. The circuit court entered findings of fact, conclusions of law, and judgment denying appellant's motion for an evidentiary hearing. Appellant's Rule 27.-26 motion was denied with prejudice and summary judgment was entered for the state.

■■■ In appellant's first point on appeal, he contends that the circuit court failed to make findings of fact and conclusions of law on appellant's claim that the jury selection process in Cape Girardeau County excludes negroes in case after case, whatever the circumstances. Rule 27.26(i) requires that the court make findings of fact and conclusions of law on all issues presented. However, improper jury selection is a trial court error that may not be raised for the first time in a Rule 27.26 motion without a showing that the movant had no knowledge of the improper jury selection until after his trial. *Worthon v. State,* 649 S.W.2d 577, 578–79 (Mo.App. 1983), citing *Hemphill v. State,* 566 S.W.2d 200, 206–07 (Mo. banc 1978). This argument was not raised in appellant's direct appeal, *State v. Smith, supra,* and the record in this appeal discloses no sugges-

tion that appellant did not know of the allegedly improper jury selection until after his trial. This issue was not presented to the trial court, and we conclude the trial court's judgment is proper.

■■■ In appellant's second point on appeal he raises several allegations of ineffective assistance of counsel. To prevail on this theory, appellant must demonstrate that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and that he was prejudiced thereby. *Love v. State,* 670 S.W.2d 499 (Mo. banc 1984). Each of appellant's allegations will be reviewed under this standard.

■■■ Appellant alleges that his trial counsel was ineffective because she failed to move to quash the jury panel on grounds of intentional exclusion of negroes, and that she also failed to object to the jury panel at trial. The record on this appeal confirms the absence of any motion to quash the jury panel or any trial objection to the jury panel. The jury selection method in Cape Girardeau County was discussed in *Pride v. State,* 615 S.W.2d 445 (Mo.App. 1981). In that case, trial counsel moved to quash the jury panel because no blacks were included, although the county population was three percent black. The trial court denied the motion, taking judicial notice of the court's method of selecting potential jurors. On appeal, the appellant's counsel conceded in his brief that he did not know whether the jury selection motion was infirm, and was unaware of facts to support his contention of improper jury selection. In the case at bar, appellant's brief fails to present any facts which support his contention of improper jury selection. There is no allegation that appellant's trial counsel knew of any such facts. In the absence of any supporting evidence, the possibility of success of a challenge to the jury selection method would appear to be speculative at best. This showing is insufficient to sustain a claim of ineffective assistance of counsel. *See Williamson v.*

*State,* 628 S.W.2d 895 (Mo.App.1981). There must be a reasonable possibility that competent counsel could have obtained a different result. *Love v. State, supra,* at 504, citing *Holloway v. Arkansas,* 435 U.S. 475, 490, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978).

■ Appellant's second claim of ineffective assistance of counsel is based on his attorney's failure to call certain witnesses to testify. Appellant stated that his attorney prevented his brother, Aaron Smith, from testifying, as well as other witnesses who would have testified that appellant had money and therefore had no reason to commit a robbery. This testimony does not go to the issue of whether the appellant did in fact commit the robbery. *See Anthony v. State,* 612 S.W.2d 67, 68 (Mo.App.1981). Appellant's own brief points out that the selection of witnesses is a question of trial strategy. A reasonably competent attorney could have determined that the testimony of these witnesses would not further appellant's cause. This court recently reaffirmed that which witnesses to call and whether the witnesses would be helpful is a matter of professional judgment and is not an adequate ground to find an appellant's trial counsel to have been ineffective. *State v. Holzer,* 680 S.W.2d 764 (Mo.App. 1984).

■ Appellant next claims that his counsel was ineffective in failing to object to the State's evidence which showed that the appellant was a persistent offender as defined in RSMo § 558.016. After examination of the trial transcript, we agree with the trial court that the statutory requirements were followed. The constitutionality of this statute and the second offender statute (RSMo § 556.280, repealed) upon which it is based has been upheld. *State v. Reese,* 625 S.W.2d 130 (Mo.1981); *State v. Gardner,* 600 S.W.2d 614 (Mo.App.1980), *cert denied,* 449 U.S. 1020, 101 S.Ct. 585, 66 L.Ed.2d 481 (19). Appellant's brief concedes the constitutionality of the prior law against any constitutional attacks, but still asserts that the trial counsel should have objected to the introduction of the evidence and to the trial court's findings. Appellant has failed to state what grounds existed for raising such an objection. Since the constitutionality of the statute is not in question and the prescribed procedure was followed, there does not seem to be a reasonable possibility that competent counsel could have obtained a different result.

■ Appellant alleges that his trial counsel was ineffective in failing to object to a statement made during the prosecution's closing argument. In appellant's direct appeal this court held that the reference to appellant's prior convictions was not a prejudicial error. *State v. Smith, supra,* at 8. This issue may not be relitigated here.

■ Appellant next alleges that his trial counsel was ineffective in failing to interview Mark Oberle, the prosecution's main witness. In *Merritt v. State,* 650 S.W.2d 21 (Mo.App.1983), this court held that to establish ineffectiveness of counsel in failing to interview a witness, a appellant must show that the witness's testimony would have proven helpful to the appellant. This appellant has failed to show what the substance of Mr. Oberle's testimony would have been and how it would have aided his defense. Without that showing, appellant has not alleged enough facts to show that his attorney did not exercise the skill and diligence of a reasonably competent attorney.

■ Appellant's final allegation of the ineffectiveness of his trial counsel was her failure to object to the trial court not giving the jury the single instruction that appellant offered. This issue was also litigated in appellant's direct appeal, and this court found no abuse of the trial court's discretion and no plain error. *State v. Smith, supra,* at 8. The issue may not be relitigated in this motion.

Judgment affirmed.

CRIST, P.J., and SIMON, J., concur.