**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael HAWKINS,
Defendant-Appellant.**

No. 50571.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 3, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Kathryn Shubik, Public Defender, St. Louis, for defendant-appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by a jury under four counts: two counts of robbery in the first degree pursuant to § 569.020, RSMo.1978, and two counts of armed criminal action pursuant to § 571.015, RSMo. 1978. He was found to be a persistent criminal and sentenced to two concurrent terms of twenty years for the robberies and two concurrent terms of five years on the armed criminal action charges. The five year sentences are to run consecutive with the twenty year sentences. Defendant raises one point on appeal. We affirm.

On July 21, 1984, two railroad employees, Keith Green and Stephen Mills, retired from a day of work to the bar of the Six Flags Ramada Inn. On the same evening, defendant and an accomplice instructed his girlfriend and her friend to go to the same bar for the purpose of enticing two men to a secluded place so defendant could rob them. Defendant's plan unfolded as he expected. The two victims danced with the women and bought them several drinks. The men enjoyed the company of the women for an extended period of time. As the evening progressed, defendant broke in on a dance between his girlfriend and one of the victims and demanded that she bring the evening to an end so defendant could continue with his plans. The women complied with defendant's demands and suggested to the victims that they leave the bar and go to a cabin in the woods to "party." The foursome left the bar in one vehicle and the women directed the victims to Greensfelders Park. Defendant and accomplice followed their intended victims in a truck. When the party arrived at the park, the women asked the men to stop the car so they could use the park's rest room facilities. The women got out of the car and walked into the woods. At the same time, defendant and his accomplice came from behind the victim's car, their faces concealed behind bandanas, and ordered the victims out of the car at gun point. The robbers took the victims' wallets, money and credit cards. When the women returned, the robbers grabbed them and threw them into their truck acting as if they were going to rape them. Before leaving the scene of the crime, the robbers threw the victim's car keys in the woods, slashed the tires of their car, and had the victims remove their pants.

On the following day, police went to the defendant's girlfriend's trailer home and seized various items including: dresses worn by the two women on the evening of the crime, a pair of blue jeans belonging to one of the victims, a blue bandana and five live .357 magnum bullets. Defendant's girlfriend, Susan Beasley, was then taken into custody by the police where she made a statement detailing the events of the crime. Susan was the state's key witness at trial. Prior to the trial, defendant's at-

torney filed a motion for discovery requesting that the state disclose materials and information within its possession or *control* pursuant to Rules 25.03 and 25.08.

■ Defendant's sole point on appeal is the court erred in failing to order a mistrial or in the alternative a recess when the prosecution produced evidence at trial previously undisclosed to defendant, thereby resulting in prejudicial error and a denial of due process.

The evidence technician, police officer Richard Lawson, stated he was called to Susan Beasley's trailer to investigate the evidence. He testified that he seized evidence from the inside of her trailer and then sought to lift prints from a 1979 Chevrolet Silverado truck which was thought to have been used in the offense. It is the surprise testimony about the fingerprints which is at issue in this appeal.

The following transpired at the trial when Officer Lawson was questioned:

Prosecutor: Q. Okay. Were you able to lift any prints off the truck?

Police Officer: A. Yes, I did—obtained seven—correction—eight identifiable fingerprints off of the vehicle. Correction—I'm sorry—seven identifiable prints off of the truck.

Defense Attorney: Let's step forward please.

Defendant's attorney then stated to the court that he was not furnished with any information about fingerprints in advance of the trial. He further stated that defendant was entitled to know if the fingerprints were identifiable. Defendant's attorney demanded, "... I think we have a situation in which there's grounds for a mistrial. *I'm not asking for that.* I'm asking now that these prints, outside the jury, be given to me, the names and addresses, or whatever, of the prints." (emphasis ours). Upon the defense attorney's request, the court held a hearing outside of the jury and the witness testified that four of the finger-

prints were identified as the defendant's. The prosecutor asserted to the court on two occasions that he was as surprised, as the defense counsel, to learn that there were any identifiable fingerprints. He said that the agent he intended to call, told him there were no prints. This agent was unable to testify due to health problems. The prosecutor thought Officer Lawson was also going to answer in the negative when questioned about the fingerprints. The defense attorney then stated to the court that he was going to renew his objection and request that the jury be instructed to disregard any reference to fingerprints. The court granted the defense counsel's final request and instructed the jury to disregard any evidence concerning the fingerprints.

Defendant relies on Supreme Court Rule 25.03(A)(5) which states in pertinent part: "... the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part of all the following material and information within its possession or control designated in said request; (5) [a]ny reports or statements of experts, made in connection with the particular case, including ... scientific tests, experiments or comparisons."

Defendant's reliance on *State v. Wells*, 639 S.W.2d 563 (Mo.1982) is misplaced.[1] In *Wells*, the court opined that discovery rules were designed to minimize surprise and deception. In the case at bar the prosecutor was equally surprised, as the defense counsel, at the testimony of the evidence technician. The *Wells* court determined the prosecutor was deceptive in withholding information from the defense. There was no deception in the case at bar on behalf of the prosecution. In any event, however, defendant was entitled to the information.

Defendant contends that the court erred by failing to order a mistrial, or in the alternative a recess. This court has determined in *State v. Smith*, 650 S.W.2d 5, 7

---

**1.** Defendant's reliance on *Brady v. Maryland*, 373 U.S. 83, 87–88, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963), is also misplaced because

the testimony of the fingerprints would not exculpate defendant.

(Mo.App.1983), "if a party has failed to comply with an applicable discovery rule the court may order the party to make such discovery, grant the continuance, exclude such evidence, or enter such order as is just under circumstances." In the case at bar, the court, as requested by the defense, examined the matter outside the hearing of the jury and excluded the evidence pertaining to the fingerprints. No mistrial or recess was requested by defendant. The matter of resolving the surprise information is within the discretion of the trial court. *Smith,* 650 S.W.2d at 7. Not every error which occurs during trial requires the court to declare a mistrial. The granting of a mistrial is a drastic remedy and should be exercised only in extraordinary circumstances. *State v. Cox,* 590 S.W.2d 378, 379 (Mo.App.1977). We find no abuse of discretion resulting in prejudicial error.

However, should error have been committed, defendant's contention would be denied because the issue was not properly preserved. No mistrial was sought at trial nor was it sought in the motion for new trial. We may review the contention to determine whether plain error occurred. "This requires error affecting the substantial rights of the defendant which results in manifest injustice or miscarriage of justice." *State v. Kenner,* 648 S.W.2d 552 (Mo.App.1983). The strength of the state's case is a prime factor in the determination of whether the trial court's error resulted in a manifest injustice or a miscarriage of justice. *State v. McKinley,* 689 S.W.2d 628, 633 (Mo.App.1984). Here, defendant's guilt was firmly established and we find no manifest injustice or miscarriage of justice.

Judgment affirmed.

DOWD, P.J., and CRIST, J., concur.