STATE of Missouri, Respondent,

v.

Shane L. MASTERSON, Appellant.

No. 14383.

Missouri Court of Appeals, Southern District, Division One.

July 7, 1987.

Donald R. Cooley, Springfield, for appellant.

William L. Webster, Atty. Gen., and Terry C. Allen, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Defendant appeals a conviction under an eight-count information which includes four counts of burglary and four counts of stealing related to the burglaries. Defendant raises three issues on appeal: (1) the trial court improperly admitted evidence of unrelated criminal misconduct of defendant; (2) the prosecuting attorney was wrongfully permitted to make comment on the defendant's failure to testify; and (3) the state had failed to disclose a prior conviction of a state's witness and taped, written and oral statements of that witness. The judgment of the trial court is affirmed.

Inasmuch as defendant's first two points are raised for the first time on appeal, a review of those points will require a determination of whether plain error was committed under Rule 29.12(b). A recital of facts is helpful in determining whether there has been a "manifest injustice or miscarriage of justice".[1]

On January 13, 1984, at approximately 9:00 p.m., the front door of the residence of Terry Cole was found broken open. Cole's pickup truck was missing from in front of the house, as well as a T.V. and stereo from inside the house. A nearby home occupied by Greg Cole had also been broken into. Items were found missing from that home on the same date.

Donna Crossland saw a vehicle in front of Greg Cole's house at about 7:00 p.m. on January 13, 1984. When it was still there at 8:00 p.m., she took the vehicle's license number although she did not call the police at that time. While Ms. Crossland was not familiar with car makes, she thought that possibly it looked like her friend's Datsun.

On the same evening at approximately 9:30 p.m., Christin Wagoner saw a "cream-colored" pickup in the Don Cole driveway with trash bags and furniture in it.

The fourth burglary was discovered by Charles Rich at the home of his son, Steven, on February 10, 1984, at about 6:00 p.m. The Riches had not been in the home since February 4, 1984.

Terry Cole testified that he had a T.V., stereo, guns, coins and wall hangings stolen from inside his home. Greg Cole indicated his Ford Bronco, a microwave, a Mar-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., 1986.

lin rifle, stereo, T.V., and a lamp were stolen from him. Steven Rich indicated that he had a T.V. and a Turkish prayer rug taken from his residence. Each of the four homes was severely vandalized by the burglars.

On March 16, 1984, pursuant to a search warrant, Texas County officers seized a prayer rug, T.V. and coin collection from the home of Shane Masterson in Summersville, Missouri. The owners of the property identified the prayer rug and T.V. as those taken from the Rich home, and the coin collection as having come from the Don Cole property.

The state's primary witness was Steven Agee. Agee testified that he, Kelly Choate, and defendant were involved in three of the burglaries. "Jimbo" Clark participated with Agee and defendant in the Rich burglary. Choate had told defendant and Agee that the Coles would be gone on January 13. During the daytime on January 13, after driving to the Don Cole home in defendant's silver and maroon Datsun, they broke into the Don Cole home and stole jewelry and coins. That evening, they went to Greg Cole's home, stealing a Ford Bronco II, a rifle, T.V., and stereo; and to Terry Cole's home, stealing a stereo, rifle, and a quantity of jewelry, as well as a beige and tan pickup truck. In the pickup, the three returned to Don Cole's home about midnight and took a T.V., fourteen guns, and coin collections. Agee gave detailed descriptions of each of the four burglaries, including a description of what was taken and the acts of vandalism. The pickup truck and Bronco were later abandoned.

The defendant produced several alibi witnesses who testified that defendant had been at his sister's house in Summersville for most of the time between January 12 and January 14, 1984, Summersville being a two to three hour trip from Springfield, where the burglaries occurred. One witness also testified that the defendant was with her for some period of time each day on February 4, 5, 8, 9 and 10, 1984.

Kelly Choate was called by the defense. He admitted he participated in the burglaries of the Cole houses with Steve Agee, but denied defendant was involved in any of the three burglaries. At the time of trial, Choate was serving a sentence in the penitentiary pursuant to convictions of the burglaries of the Cole homes.

On this evidence, the jury found defendant guilty on each count. The court sentenced defendant to five years on each count to run consecutively.

Defendant's first point is that the trial court committed error in allowing the following evidence during the testimony of Steven Agee:

Q. You say you've known Steve, or, uh, you've known Mr. Masterson for quite awhile?

A. Yes.

Q. And Mr. Stewart just asked you if you socialized together?

A. Yes.

Q. Do you know him other than socializing with him?

A. Yeah. Doin' burglaries and—

Q. —Doing these burglaries?

A. Yes.

Q. Of the Coles and Riches?

A. Yeah, and more.

Defendant argues that allowance of evidence of an unrelated criminal act absent strict necessity by the state to prove motive, intent, absence of mistake, common plan, or identity of person charged is error, mandating reversal. *State v. Collins*, 669 S.W.2d 933, 936 (Mo. banc 1984).

No objection was made by defendant to the above evidence nor does the motion for new trial raise this issue. Having failed to preserve this point for review, we examine it under the plain error rule. Rule 29.12(b). The plain error rule should be invoked sparingly and only when the defendant makes a strong, clear showing of manifest injustice. *State v. Matney*, 721 S.W.2d 189, 191 (Mo.App.1987). Our research finds no case in which a voluntary, unsolicited statement by a witness referring to involvement of the accused in other crimes has been held to be plain error.

We note that the above-quoted testimony of Agee came into evidence during

redirect examination. On cross-examination, defense counsel questioned Agee at length regarding his participation in other burglaries and at one point, the following exchange occurred:

Q. [By defense counsel] Who was with you and went into the, went into any other houses on or about that same time, or did you?

A. [By Agee] Uh, doin' alot of burglaries with Shane. Alot of 'em with Kelly. Alot of 'em with Jimbo Clark, mostly.

Several factors militate strongly against any claim of "plain error" in this case. First, the defense, as a matter of trial tactics, had first elicited the testimony about other burglaries. *State v. Goff,* 496 S.W.2d 820, 821 (Mo.1973). Second, the remarks were voluntary, unresponsive, and indefinite as to specific acts. Third, the remarks were not extensive or inflammatory and no effort was made by the state to magnify or argue such remarks. *State v. Walker,* 531 S.W.2d 55, 57 (Mo.App.1975). Fourth, in view of other substantial evidence of guilt, this isolated comment does not appear to have played a decisive role in the determination of guilt. *State v. Hawkins,* 714 S.W.2d 673, 676 (Mo.App.1986). Under such circumstances, the comment of the witness did not rise to the level of "plain error".

Defendant's second point is that the trial court committed plain error by allowing the prosecuting attorney, during argument, to comment on the defendant's failure to testify in violation of his rights under the Fifth Amendment and in violation of § 546.270, RSMo 1986. *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106, 110 (1965); *State v. Shields,* 391 S.W.2d 909, 912 (Mo.1965), *cert. denied,* 382 U.S. 966, 86 S.Ct. 457, 15 L.Ed.2d 369.

The specific comments by the state during opening argument were as follows:

What, ladies and gentlemen, in this case has defense never presented any evidence on? Sure, Mr. Stewart spent most of yesterday morning trying to fairly cross-examine Mr. Agee. Sure, Mr. Stewart—for the defense—put on ten alibi witnesses which I'll talk about in a minute.

But, what did they never offer you any evidence on? What did they never explain to you at all in this whole trial—and it's too late for them to do that now. What did they never ever offer any evidence on or try to explain through any witness?

Remember this TV (indicating), State's exhibit 31? Remember this prayer rug, State's exhibit 32? And remember this jar, State's exhibit 30? Remember this coin collection, State's exhibit 28? Remember where those were found according to the State's evidence? Steve told you he saw that coin collection at Masterson's house.

Walked in one day, Shane pointed out this prayer rug hanging on his wall. Shane was using that television in his front room.

Of course, the defendant can't jump up and say, 'Well, you can't believe Steve Agee.' Well, some other people were in that house, weren't they?

Detective Asher and Deputy Mitchell told you, ladies and gentlemen, that on March 16, 1984, they went into Shane Masterson's house and low [sic] and behold what did they find? The prayer rug hanging on the living room wall.

Mitchell told you the TV in the living room, the coin collection found behind the waterbed at Shane Masterson's house.

Have you heard any testimony in this trial explaining how these items ended up in defendant's home? No.

And, I'll tell you what they were doing in that home, ladies and gentlemen, they were there because Mr. Masterson was with Steven Agee on January 13, 1984, and he was with Steven Agee sometime in early February, 1984, taking the prayer [sic] and TV out of Steven Rich's home. Corroborating Steve's story....

And he had these things in his home. The rug and the TV. And there's been no explanation for that....

The following occurred in the concluding argument of the state:

Mr. Moore: Keep in mind that I asked in the first part of my closing argument for Mr. Stewart to address this issue. Why haven't they said anything about the prayer rug and the TV?

Circumstantial evidence to which you can make reasonable inferences that Mr. Masterson had these things because he was in that burglary. And, never, never, never have they told us how he, these things got into Shane Masterson's house.

Never, never, never have they told us how this water bottle got over to the Gardners—other than Steve Agee said Shane took it over to them.

They want you to believe we haven't given you any evidence that's any good, but we've given you Steve Agee who's admitted it's all his fault.

Again, there was no objection to the above arguments during the trial, nor were they raised in the motion for new trial as is required. Rule 29.11(d).

■ Errors committed in closing argument do not justify relief under the plain error standards unless they are determined to have had a decisive effect on the jury. *State v. Murphy*, 592 S.W.2d 727, 732 (Mo. banc 1979); *State v. McKinley*, 689 S.W.2d 628, 632 (Mo.App.1984). Even where a direct reference has been made during closing argument to an accused's failure to testify, reversal is not mandated under the plain error rule. *State v. Crawford*, 719 S.W.2d 11, 12 (Mo.App.1986).

■ The argument being made by the state does not appear to be a direct or indirect reference on the defendant's failure to testify. The argument was focused on the lack of any evidence offered to explain the presence of stolen property in the possession of defendant. An analogous argument was made in *State v. Sechrest*, 485 S.W.2d 96, 98 (Mo.1972). The prosecutor made the following argument:

"Like I said, this is a case of circumstantial evidence. There was no one who could identify John R. Sechrest as the man who entered that home. But yet there is no one who has come forward with a reasonable explanation for how the property got into defendant's car."

On appeal, the argument was made that because the defendant was the only person who could have explained the presence of the articles in the car, such argument amounted to a comment on the accused's failure to testify in violation of § 546.270 and Rule 26.08 (now Rule 27.05). The same argument is made here. The fallacy of such argument is that it assumes no one other than the defendant could have knowledge as to how the accused came into possession of the stolen property. The defense could have offered testimony of witnesses who sold the property to defendant, bank records reflecting their purchase, or testimony of persons seeing defendant in possession of the property prior to the burglary. Comment on failure to present such evidence is not a comment on the defendant's failure to testify. *State v. Sechrest*, supra, 99; *State v. Overall*, 519 S.W.2d 549, 550 (Mo.App.1975).

■ The state's use of the indefinite pronoun "they" in the above-quoted argument comes dangerously close to bounds of propriety. Although we do not recommend such remarks, the comments did not draw attention to the defendant's failure to testify. *State v. Hill*, 678 S.W.2d 848, 850 (Mo.App.1984). While we conclude that the above argument does not amount to plain error, we specifically withhold any decision on whether such argument would be approved had a proper objection have been made and preserved.

■ Appellant's final point is that the court erred in failing to grant a new trial because the state had failed to comply with disclosure by (a) disclosing witness Agee's prior conviction and (b) failing to disclose all of Agee's taped, written, or oral statements. It is unquestionable that Rule 25.-03(a) requires the state to respond to a request for a disclosure of written or recorded statements of witnesses and provide the defendant with any record of criminal convictions of persons the state intends to use as witnesses. However, neither the legal file nor the transcript contains such request for disclosure. In addition, there is no showing that there was any written or recorded statement of witness Agee that

the state failed to disclose, or that the state had failed to disclose any prior convictions of witness Agee. The only thing before the court which indicates such convictions or statements exist are the unsworn allegations appearing in defendant's motion for new trial. In order to present facts outside the record in a motion for new trial, such facts shall be supplied by affidavit served with the motion. Rule 29.11(f).

In order to justify a reversal of a conviction due to a failure to make disclosure, the defendant must show the non-disclosure resulted in fundamental unfairness. *State v. Kerfoot,* 675 S.W.2d 658, 660 (Mo.App.1984); *State v. Johnson,* 615 S.W.2d 534, 542 (Mo.App.1981). Under the record with which we are confronted, defendant has failed to demonstrate any fundamental unfairness.

Defendant's conviction is affirmed.

GREENE, P.J., and MAUS, J., concur.

CROW, C.J., recused.