**640**

Clayton BRIGHAM, Jr.,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16337.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 19, 1990.

Gary M. Wilson, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Following trial by jury movant was convicted of second-degree murder and sentenced to life imprisonment. That conviction was affirmed on appeal. *State v. Brigham*, 709 S.W.2d 917 (Mo.App.1986). Thereafter, movant filed a motion under Rule 27.26 seeking to vacate that conviction. Following an evidentiary hearing the trial court made findings of fact, conclusions of law, and entered judgment denying the motion.

Movant appeals. As he was convicted and sentenced and his motion was pending prior to January 1, 1988, this proceeding continues to be governed by Rule 27.26. Rule 29.15(m). This court's review is to determine whether the trial court's findings, conclusions and judgment are clearly erroneous. Rule 27.26(j).

Both of movant's point's relied on contend that he received ineffective assistance of counsel. "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App. 1985).

In his first point movant contends that the trial court erred because he received ineffective assistance of counsel because his trial attorney in the criminal matter "refused to permit movant to accept a

plea bargain offered by the state contemplating a twenty-year term of imprisonment". Movant testified that he wanted to accept that agreement, but his attorney refused to let him. The prosecuting attorney testified that there was never such an agreement offered, merely discussed with movant's attorney. Movant's trial attorney denied that he told movant not to accept such a plea.

There was a conflict in the testimony. Credibility of the witnesses is generally a matter for the trial court's determination to which this court gives considerable deference. *Pool v. State*, 670 S.W.2d 210, 211–212 (Mo.App.1984). See also *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979) (trial judge could disbelieve testimony even when uncontradicted). The trial judge chose not to believe movant, and we can not say that this determination was clearly erroneous. Point I is denied.

Movant's other point states that he was entitled to relief from the conviction because his trial attorney failed to call Maury and Julie Stout as defense witnesses. He states that their testimony "would have been highly credible and corroborating evidence regarding the disreputable character of Angela Cole and would have served to establish a verdict for manslaughter or mitigate punishment as to a second degree murder conviction."

Angela Cole, the victim, was movant's ex-wife. Maury Stout was a minister at an Assemblies of God Church in Springfield, which defendant and Angela Cole attended when they were married. Julie Stout is Maury Stout's wife. The Stouts were subpoenaed to movant's criminal trial but were not called to testify. Movant's attorney could not recall why they had not been used.

The Stouts had counseled movant and the victim when they were married. Both Stouts testified at the evidentiary hearing on movant's motion. Movant contends that Julie Stout could have testified as to the following that Angela Cole told her about "their marriage problems":

She was unhappy. She was lonely and she would spend a lot of nights with her friends from high school roller skating. And she talked to me not much about their financial problems, she just—she would talk to me about being unhappy and lonely and she said she would go out with all of her friends and one time she told me that one of the friends who was a boy had spent the night with her.

Movant contends that Maury Stout's testimony at the evidentiary hearing shows that he could have testified at the criminal trial that:

A  Clay and Angie had a multitude of marital problems. There was emotional immaturity. There was financial instability. There was a lack of trust among each other. There was the conflicting work schedule. There were innuendos of sexual infidelities. To me, the primary problems seemed to be a lack of basic trust with one another. There were, for example, financial problems in that they would take a charge card to the convenience store to buy a tank of gasoline and charge $20 worth of candy bars, so that the credit card bill would be $400 and they weren't making $400 a month I don't think between them, maybe. And then she would cruise Kearney Street and reflect to this is what she had a right to do because she was lonely and he was working and she wanted to be with her friends. And they would often pick up boys while they were cruising Kearney Street. Now, there's only one specific time that she ever mentioned to me about marital infidelity.

\*     \*     \*     \*     \*     \*

Q  Did Angela in the—in one of your counseling sessions ever admit to you she had been sexually active with other men in the realm of the marriage?

A  In our many counseling sessions this issue was skirted around, there's only one particular time however, when this was directly admitted. It was after their separation and before their divorce. Clay was working at Howard Johnson's

and Angela was living in a trailer. We were trying to aim toward reconciliation. And it was at this point I think as much as to be hurtful as anything else that she admitted that she had been unfaithful to him, in my presence.

Q Did Angela, in the midst of these counseling sessions, ever state to you that she shouldn't compare Clay with other men?

A Yes. She knew she shouldn't, she said.

██ Whether such evidence would have been admissible we need not decide. Which witnesses to call and whether witnesses would be helpful is a matter of professional judgment and is not ordinarily an adequate ground to find a trial counsel to have been ineffective. *Smith v. State*, 684 S.W.2d 520, 523 (Mo.App.1984).

██ In addition, it is unlikely that the testimony, even if admissible, would have changed the result. There was evidence presented in the criminal trial that Angela Cole had gone out with other men while she and movant were married and had teased movant about them. Additional testimony regarding her conduct and their marital problems from the Stouts was unlikely to have changed the result. We cannot say that the trial court's findings were clearly erroneous.

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.