**STATE of Missouri, Respondent.**

v.

**Benny J. FLEMMING, Appellant.**

No. 18224.

Missouri Court of Appeals,
Southern District,
Division Two.

June 22, 1993.

Roger C. Jones, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

A jury found Benny J. Flemming (Defendant) guilty of distributing a controlled substance, a class B felony. He was sentenced to a term of five years' imprisonment.

On appeal, Defendant contends (1) he was entitled to a new trial because the State failed to disclose "all written statements or notes of the Missouri State Highway Patrol which had been requested by the Defendant," (2) he was entitled to a new trial based on newly discovered evidence, and (3) the evidence was insufficient to sustain his conviction.

■ On our review we must accept as true all evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo.

banc 1989). Viewed in that light, the evidence reveals the facts which follow.

During the Summer of 1990 Corporal James M. Stuart of the Missouri State Highway Patrol conducted an undercover drug operation in Greene and Webster Counties. His undercover name was J.D. Simpson. He worked with a confidential informant named Dion Horman.

On June 10, 1990, Stuart and Horman met about 12:45 a.m. in Webster County to discuss a possible drug purchase from Brent Fox at his mobile home. Both persons drove together to the Fox residence where Stuart waited inside his vehicle while Horman went to the door of the mobile home. Defendant answered the knock on the door and allowed Horman inside the residence. Fox, Horman and Defendant were acquaintances who spent time together at the Fox home. While inside, Horman learned Fox was absent but Defendant was willing to sell him a gram of crank or methamphetamine for $100. Horman left the home and returned to the waiting Stuart to advise him of the proposed sale. Stuart agreed to the sale, searched Horman's pockets and gave him $100 to make the buy. Horman went back inside and gave Defendant $100 for the gram of methamphetamine.

While Stuart was waiting outside, he observed three motor vehicles parked at the residence. He described the vehicles as an older model pickup, a blue Datsun, "real sleek, like a 280 or 260," and another car. Stuart testified he did verify that Defendant drove a Datsun, possibly a 260 model.

The day after the drug purchase Stuart and Horman went back to the Fox residence and the Datsun vehicle was still there. Regarding this trip, Stuart testified as follows:

Q. Were the same vehicles there the second day?

A. There was a—I believe all the ones that were there that night were there and then there was an additional one there. I believe it was an AMC product. I'd have to look at some notes to remem-

ber what it was, but I remember the Datsun was there.

■ Defendant's first point is premised entirely upon Stuart's testimony that he would "have to look at some notes" concerning the vehicles. Defendant complains that after his request the State failed to produce any information regarding the cars parked at the Fox residence during the time in question. Defendant says this evidence was highly prejudicial because it was the only evidence corroborating Horman's testimony that Defendant sold him drugs.

Defendant argues the State violated Rule 25.03(A)(1) which provides:

(A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request:

(1) The names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda, reporting or summarizing part or all of their oral statements.

Defendant's contention has no merit because the record reveals his request never designated for disclosure any particular material or information discoverable under Rule 25.03. His request for disclosure consisted of a letter to the prosecutor stating, *inter alia,* "I would appreciate your forwarding to me copies of all discoverable material in your file." [1] The State provided Defendant with a copy of Stuart's official report on the buy from Defendant, but it contained no information on vehicles parked at the Fox residence.

Rule 25.03 contains some nine categories of material and information which a criminal defendant can discover without court order on proper request. After such request the State is required to disclose to Defendant "such part or all of the following material and information within its possession or control *designated* in said request." Rule 25.03(A) (emphasis added).

Assuming Defendant's letter was a request under Rule 25.03, he failed to *designate* for disclosure any part or all of the nine categories of material and information described by the Rule.[2] Defendant's general request invited the prosecutor to speculate on what information was requested and what material was discoverable.

■ The State cannot violate Rule 25.03 unless the defendant makes a proper request for the material or information discoverable under the Rule. *State v. Gilmore,* 797 S.W.2d 802, 809 (Mo.App.1990); *State v. Dusso,* 760 S.W.2d 546, 549 (Mo. App.1988). *See State v. Masterson,* 733 S.W.2d 40, 44–45 (Mo.App.1987).

Here, the State did not fail to disclose any information designated in Defendant's request. Therefore, we cannot convict the trial court of error in denying Defendant relief on this issue.

Defendant's second point claims he was entitled to a new trial based on newly discovered evidence. He hypothesizes (1) it was not possible for him to know of any evidence about his car parked near the Fox residence because the State failed to disclose that information before trial, and (2) if he had a new trial, he could show his car was not parked at the Fox residence on June 10, 1990.

■ The determination on whether to grant a new trial on the basis of newly discovered evidence is left to the sound discretion of the trial court, and we review only for abuse of that discretion. *State v. Klaus,* 730 S.W.2d 571, 580 (Mo.App.1987).

■ In order to receive a new trial based on newly discovered evidence, Defendant must establish: (1) the evidence has come to the knowledge of the defendant since the trial; (2) it was not owing to want of

---

1. We note Defendant's counsel on appeal was not his trial counsel.

2. We expressly do not decide that Corporal Stuart's notes were discoverable had a proper request been filed. *See State v. Buss,* 768 S.W.2d 197, 201 (Mo.App.1989).

due diligence that it was not discovered sooner; (3) the evidence is so material that it would probably produce a different result on a new trial; and (4) it is not cumulative only or merely impeaching the credit of the witnesses. *State v. Williams*, 652 S.W.2d 102, 114 (Mo. banc 1983). Furthermore, unless all four criteria have been met, a new trial is not mandated. *Klaus*, 730 S.W.2d at 580.

Here, the newly discovered evidence consisted of affidavits from two witnesses that Defendant's car was parked in Springfield, Missouri, and inoperable on the night in question. Defendant candidly admits this evidence was not discovered after the trial, and he fails to meet criteria (1) for the new trial he seeks.

Apparently, Defendant believes we should simply relax the rule regarding criteria (1). He argues to now require him to meet the standard that this evidence was discovered after the trial "would put an impossible burden upon him...." We disagree and find no abuse of discretion in the denial of Defendant's request for new trial.

Defendant's last point is set forth verbatim:

> The trial court erred by overruling Defendant's Motion for Judgment of Acquittal because the State did not present sufficient evidence to establish the Defendant's guilt beyond a reasonable doubt in that the only evidence of guilt was provided by the State's unreliable confidential informant whose testimony was clearly discredited by the defense.

This point is written in utter disregard of Rule 30.06 which sets forth the requirements for briefs in criminal appeals. Paragraph (d) reads:

> The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

Defendant's point fails to advise "wherein and why" the evidence was insufficient to establish Defendant's guilt beyond a reasonable doubt or "wherein and why" the informant's testimony was unreliable and discredited by the defense.

In *State v. Keith*, 811 S.W.2d 70, 71 (Mo.App.1991), and *State v. Casey*, 683 S.W.2d 282, 285–86 (Mo.App.1984), this Court held that quite similar points preserved nothing for appellate review. Likewise, we hold Defendant's point suffers the same fate.

Nevertheless, we have read the transcript to determine whether plain error relief is warranted under Rule 30.20. Such relief is granted only when an error so substantially affects the rights of a defendant that manifest injustice or a miscarriage of justice will inexorably result if left uncorrected. *State v. Burgess*, 800 S.W.2d 743, 746 (Mo. banc 1990). After consideration of the record and Defendant's argument, we determine plain error relief is not warranted.

The judgment is affirmed.

FLANIGAN, and GARRISON, JJ., concur.

